EUGENIE COURVOIRSIER, PLAINTIFF IN ERROR, V. LOUIS BOUVIER, DEFENDANT IN ERROR.

**Pleading**: AVERMENTS OF PETITION.  A petition which seeks to have a trust declared, should clearly set forth all the facts and circumstances attending the transaction, from which the trust is claimed to result.

**Resulting trust.**  Where the plaintiff conveyed land to his wife through the medium of a trustee, claiming that the title thereto was to be held by her in trust for him, and afterwards accepted a life lease to a portion of the land, it was held, in an action brought to have a trust declared and to obtain a re-conveyance of the land :

　　1.  That the acceptance of the lease was a conclusive recognition of the wife's title, and estopped the plaintiff from setting up any claim to the residue of the premises.

　　2.  That the idea of a resulting trust was entirely unsupported by the facts of the case.

Bouvier, the defendant in error, brought his action against Eugenie Courvoirsier in the district court of Washington County, to obtain a re-conveyance of certain real estate, formerly owned by him, and which he had conveyed to her through the medium of a trustee, she being at the time of said conveyance the wife of Bouvier.  Judgment being rendered in his favor, Mrs. Courvoirsier brought the cause here by petition in error.  The facts fully appear in the opinion of the court.

*Carrigan and Osborn*, for plaintiff in error.

I.  The petition does not state a cause of action in this, that the petition shows that the parties were husband and wife, and that the conveyance was made for the purpose of vesting the legal title in the plaintiff in error; and while we do not maintain the early doctrine that a wife cannot be the trustee of a resulting trust in favor of her husband, yet we assert that the conveyance of lands from husband to wife or child creates no presumption of an implied trust, but on the contrary, the law presumes the

conveyances to be an advancement. While it may be true that the presumption of advancement may be rebutted, yet the facts that can destroy this legal inference must appear on the face of the bill before issue can be joined; there is no allegation in this bill upon which an implied trust can be founded.

The petition shows that at the time of the conveyance the plaintiff in error agreed to re-convey to Louis Bouvier upon his return from New Orleans. Now, if this be true, certainly there can be no resulting trust, for by the understanding of the parties the trust was declared as to the whole of the property, and a declaration of trust, though by parol, prevents the creation of a resulting trust by operation of law. *Washburn on Real Property,* 168. 1 *Spencer, Eq.,* 496. *Dennison v. Goehrign,* 7 *Penn., State,* 175.

Upon the above grounds we maintain that the court erred in overruling the demurrer to the petition.

II. Upon the issue joined on the trial it appeared that the conveyance had been made without any valuable consideration, moving from Vanier to Bouvier, or from Mrs. Courvoirsier to Vanier, yet as alleged in the petition, the conveyance was made to Vanier for the purpose of enabling Bouvier to legally vest the plaintiff in error with the legal title to the said lands. Vanier then was a trustee. Mrs Courvoirsier the beneficiary, and when Vanier conveyed to Mrs. Courvoirsier there was in her a union of the legal and equitable estates, forming a perfect and indefeasible title in her, and here applies the old, familiar rule of law, "that one trust will not support another."

III. No resulting trust can be raised in favor of the grantor in opposition to a deed absolute upon its face and containing a covenant of warranty. *Leman v. Whitly,* 4 *Russell,* 423. 1 *Greenleaf on Evidence,* sec. 266. *Moore v. Moore,* 38 *New Hampshire,* 382. 2 *Wash-*

*burn on Real Property*, 174, 175.   *Squire v. Harder*, 1 *Paige*, 494.

IV.   There being no circumstances going to raise an implied trust, can the alleged understanding create an express trust?   Express trust can only be created by writing, and cannot be proven by parol.   *Sturtevant v. Sturtevant*, 20 *New York*, 39; 4 *Kent Com.* 306.   *Steere v. Steere*, 5 *Johns Ch.*, 1.

V.   The learned Judge in the district court found that the plaintiff in error had *fraudulently* acquired title to the land.   Now, in the bill there is no pretense of fraud or mistake, and no proof whatever was offered of any undue influence exerted by the plaintiff in error, and certainly there should be some allegations of fraud, duress or undue influence, before a court would undertake to establish a constructive trust.

VI.   Implied or constructive trusts must be proven by the most positive evidence, and unless the trust be fully established, courts will refuse their aid.

VII.   The proof shows that the said Louis Bouvier, long after his return from New Orleans, took a life lease of a portion of the premises so conveyed.   Bouvier was a tenant for life, and can he now deny the title of his landlord?

VIII.   The proof further shows that Bouvier was, at the time, heavily in debt considering his resources; that he left the state; that the plaintiff in error paid a great portion of the debts of Bouvier then existing, and improved the land, supported their children, and was in undisputed possession of said land (except that portion leased to said plaintiff) for the space of thirteen years, and can the grantor after all these years ask the aid of a court to relieve him from the consequence of his own act?

IX.   The court erred in admitting the testimony of
Bouvier as to his intention at the time of making the
conveyance in the petition mentioned; the effect of the
deed must be controlled by the recitals therein contained,
and can only be impeached by fraud in the grantee or
mutual mistake, all of which should appear from circum-
stances immediately attending the act, and not from the
desires of one of the actors thirteen years after.

X.   If the allegations in the petition, supported by the
testimony of the defendant in error and Vanier, can be
taken as true, then there was a declaration of an express
trust, which precludes the existence of an implied or
resulting trust, and which can only be created by writing.
No written evidence of an existing trust was alleged and
proved, and parol evidence of an express trust cannot be
received.   *Rev. Stat.* 1866, *Sec.* 62, 92.

*Ballard & Walton and E. Wakely,* for defendant in
error.

I.   The trust which is alleged by the defendant in error,
is a resulting trust arising from the fact that the convey-
ance to Mrs. Bouvier was a voluntary conveyance by her
husband without consideration, with the intention that
she should take as trustee for the grantor.

This is a trust "by act or operation of law."   *Sec.* 62,
*Ch.* 43, *Rev. Stat.* 1866.

That such a trust may be proven by parole is not denied
in this case, and cannot be denied.   The proposition is
established by a multitude of authorities.

In *Tiffany and Bullard on Trusts, p.* 23, it is
said:

"But *resulting trusts* are expressly exempted from the
operation of the statute (of frauds); and there can be no
doubt that the facts and circumstances tending to estab-
lish the resulting trust may be proved by parole."

In *Hill on Trusts, p.* *108, the principle is thus stated:

"In the absence of any direct admission or declaration of the trust a variety of circumstances, arising from the nature of the transaction and the conduct and relative situation of the parties, will constitute ingredience of evidence from which the court will infer it to have been the intention of the party not to divest himself of the beneficial ownership by the execution of a voluntary conveyance."

II. The rule is the same, although there is an affinity or relationship between the grantor and grantee. But, if the relationship is a near one, as between father and son, or husband and wife, the presumption that the grantee's interest was intended to be a beneficial one is stronger than when the grantee is a stranger. This is the only difference. *Hill on Trusts, p.* 108 *and notes; Sidmouth v. Sidmouth,* 2 *Beav.* 254; *Jackson v. Matsdorf,* 11 *John.* 91; *Taylor v. Taylor,* 4 *Gilm.,* 303; *Tremper v. Barton,* 18 *Ohio,* 418; *Kilpin v. Kilpin,* 1 *M. & K.,* 550; *Pierce v. Hakes,* 23 *Penn. St.,* 243; *Baylis v. Newton,* 2 *Vern.,* 28; *Vandenberg v. Palmer,* 4 *K. & J.,* 204; *Cecil v. Butcher,* 2 *J. W.,* 565.

III. The circumstance of the conveyance being made from Bouvier to Vanier, and by the latter to Mrs. Bouvier, does not affect the principle involved.

It is not the case of engrafting a trust upon a trust.

The conveyance to Vanier was upon a trust that he should convey to Mrs. Bouvier. Had he refused to do so a question of title would have arisen between him and his grantor, not necessary to here discuss. But clearly, upon the authorities, there would have been a resulting trust to Bouvier, arising from the fact of a conveyance being made upon a trust which failed. *Hill,* *91, 2, *and notes.*

But, he *did execute the trust.* He was a mere conduit to pass the title from Bouvier to his wife. And her title was of precisely the same nature as if Bouvier had conveyed directly to her.

Had Vanier owned the land, and Bouvier purchased it and furnished the consideration, and caused it to be conveyed to his wife, she would still have taken it in trust. There would have been a resulting trust to Bouvier belonging to the first class, as defined by text writers, "where the purchase is made by one person in the name of another."

So that it is wholly immaterial whether the case is to be regarded as one of the class just mentioned, or of the class in which we place it, namely, where there is a voluntary conveyance with an intention that the grantee shall take in trust.

We insist that upon the evidence, so far as it appears, it is clear that there was no intention that Mrs. Bouvier should take an absolute title or beneficial estate.

LAKE, CH. J.

THIS action was brought in the court below to have a trust declared, and to obtain a re-conveyance of certain real estate formerly owned by the defendant in error, and which he had conveyed through the medium of a trustee, in the year eighteen hundred and fifty-eight to the plaintiff in error, who was then his wife. The court found the equities with the complainant, and decreed a reconveyance of the premises.

To support the judgment of the court below, it is necessary that the record disclose such a state of facts, connected with the transfer of the title from Bouvier to his wife, as would establish a resulting trust in his favor.

But it is objected on the part of the plaintiff in error, that there is no cause of action stated in the petition, that

giving it the most favorable construction possible, no resulting trust is shown in favor of Bouvier. I am inclined very strongly to this conclusion.

The substance of what is alleged to establish the trust is, that being about to leave his home for New Orleans, to obtain work, in 1858, " and thinking it would be convenient and advisable that the title to said real estate should be vested in his wife, in case of the plaintiff's death during his absence, the plaintiff voluntarily, and without consideration, and in order to vest the title in the said defendant, conveyed said premises " to her. That it was the understanding, both of himself and wife, that she was to hold the property in trust for him and not as her own.

Now, the fact that Bouvier was about to leave home for a time, of itself, was not of much significance, nor is the other fact, that the conveyance was without any consideration of a pecuniary nature, for it has long been the settled doctrine of the courts, that a voluntary conveyance of either real or personal properey, if duly executed and acted upon, will be held to be valid and binding on the grantor. As to the allegation, that it was the understanding of the parties to the deed, that the grantee should hold the land in trust, it may be answered, that this was the very fact necessary to be shown by the acts of the parties and circumstances attending the transaction, and those acts and circumstances should have been set forth in the petition.

In *Perry on Trusts*, 109, the rule is laid down, that " the trust should be fairly alleged in the bill, not only in terms, but all the facts must be set out, from which the trust is claimed to result." And this is in strict analogy to the rule of pleading under our code, which requires the *facts* constituting the plaintiff's cause of action to be stated.

But if we hold the petition to be sufficient, and go to

the facts disclosed on the trial, is the defendant in error any better off?

This conveyance was made in 1858, when the land was of very little value indeed, and has been in the possession and under the control of the grantee, without any interference on the part of Bouvier, until the commencement of this action. Not only this, but it is shown that some six years after the transfer of the title to his wife, he took from her a life lease to fifty acres of the land which he now holds. This we think is a conclusive recognition of the title of plaintiff in error, and effectually estops Bouvier from setting up any claim to the residue of the premises. It establishes, very satisfactorily, that the idea of a resulting trust was of recent birth, and entirely unsupported by the facts of the case.

The decree of the district court is reversed, and the cause remanded with instructions to dismiss the action at the costs of the plaintiff.

The other justices concurring, judgment will be entered accordingly.

REVERSED AND REMANDED.