GEORGE M. O'BRIEN ET AL., PLAINTIFFS IN ERROR, V. WILLIAM GASLIN, DEFENDANT IN ERROR.

1. **Jurisdiction:** CONFIRMATION OF SALE. Where a court of general jurisdiction has rendered judgment in a case under which the real estate of one of the defendants has been levied upon and sold, and the sale confirmed and a deed made to the purchaser, the court will not, upon slight evidence, after a great lapse of time, hold that it was without jurisdiction.

2. **Judicial Sale:** AMENDMENT OF OFFICER'S RETURN. The court, in furtherance of justice, may, after a sale of real estate upon execution, and a return of the officer, permit the officer to amend the return to conform to the facts; and when it is clear that the amendment should be made, the lapse of eight or nine years will not bar the right; but in such case care must be exercised by the court to prevent an abuse of power.

3. ———. In this state the confirmation of the sale cures all irregularities in the proceedings.

4. **Trusts.** Lands conveyed by a warranty deed are not subject to a secret trust in favor of the grantor; and particularly is this true where the lands are afterwards sold at judicial sale as the property of the grantee, and conveyed to an innocent purchaser.

5. **Infancy.** A minor who has conveyed his real estate must disaffirm his deed within a reasonable time after he comes of age or be barred of the right.

6. **Limitation of Actions.** The act of 1869, which reduced the period of limitation in which an action to recover real estate could be brought from twenty-one years to ten years, and gave a reasonable time in which to bring actions before it took effect, applies to causes of action existing before the passage of the statute.

7. **Deeds:** EVIDENCE. A deed of real estate, executed in another state before an officer having no seal, to be admissible in evidence must be certified in the manner provided in the statute.

ERROR to the district court for Douglas County. Tried below before NEVILLE, J.

*George M. O'Brien, Moses P. O'Brien,* and *E. M. Bartlett,* for plaintiff in error.

*Howard B. Smith, A. C. Wakeley,* and *George B. Lake* for defendant in error.

MAXWELL, CH. J.

This is an action of ejectment brought by Gaslin against the plaintiffs in error to recover the possession of lots 8, 9, and 12 in Griffin & Smith's Addition to the city of Omaha. The defendants below (plaintiffs in error) in their answer deny that Gaslin has any right or title to said real estate; allege that the land was conveyed by Jane A. North, on the 21st of September, 1857, to August Graeter, in trust for her minor son, James E. North, and plead the statute of limitations. On the trial of the cause a verdict was rendered in favor of Gaslin upon which judgment was rendered. The cause is now brought into this court by petition in error, there being 63 assignments of error. Many of these errors are unimportant, and only such as are deemed material will be noticed.

The testimony shows that the land in controversey was entered in July, 1857, by Jane A. North, and that she received a patent therefore in 1860; that in September, 1857, she conveyed the land in question by warranty deed to Augustus Graeter, jr.; that in October following Augustus Graeter, jr., by warranty deed conveyed an undivided half of said land to James E. North; that on the same day Augustus Graeter, jr., conveyed an undivided half of said land to Augustus Graeter, sr.; that on January 9, 1858, James E. North conveyed by warranty deed an undivided half of said land to Augustus Graeter, jr.

The following is an abstract from the records of the conveyances affecting said real estate:

O'Brien v. Gaslin.

| GRANTOR. | GRANTEE. | INSTR. | DATED. | RECORDED. | BOOK. | PAGE. | PAGE P. A. | PAGE D. A. | |
|---|---|---|---|---|---|---|---|---|---|
| 1. United States | Jane A. North | Patent. | July 2, '60 | | | | 9 | 7 | all. |
| 2. Jane A. North | Augustus Graeter, Jr | W. D. | Sept. 21, '57 | Sept. 21, '57 | G. | 535 | 9 | | all. |
| 3. Augustus Graeter, Jr | Augustus Graeter, Sr | W. D. | Oct. 20, '57 | Oct. 20, '57 | H. | 524 | | | und. ½ |
| 4. Augustus Graeter, Jr | James E. North | W. D. | Oct. 20, '57 | Oct. 22, '57 | H. | 525 | | | " |
| 5. James E. North | Augustus Graeter, Jr | W. D. | Jan. 9, '58 | Jan. 9, '58 | I. | 472 | | 8 | " |
| 6. Augustus Graeter, Sr | Augustus Graeter, Jr | W. D. | Jan. 12, '58 | Jan. 29, '58 | I. | 594 | | 10 | " |
| 7. Suit of James Woods et al, vs. Baugh et al, in which Augustus Graeter, Jr., was a party defendant. Judgment was rendered for plaintiffs, and execution levied upon land in controversy. | | | | | | | | | |
| 8. John Hileman, sheriff | J. M. Woolworth | S. D. | Aug. 14, '61 | Sept. 6, '61 | N. | 545 | 13 | | all. |
| 9. J.M.Woolworth & wife | Robert K. Woods | S. W. D. | Mar. 28, '62 | Apr. 30, '62 | O. | 209 | 15 | | all. |
| 10. R. K. Woods and wife | J. M. Woolworth | P. of A. | Apr. 11, '66 | Sept. 10, '68 | 4 | 377 | 15 | | all. |
| 11. Same by J. M. W | Griffin, Gaslin & Smith | W. D. | June 6, '68 | June 27, '68 | 4 | 59 | 15 | | all. ⅓ ⅓ |
| 12. Wm. Gaslin and wife | W. R. Bartlett | W. D. | Sept. 10, '68 | Sept. 11, '68 | 4 | 382 | 16 | | und. |
| 13. W.R.Bartlett and wife | Rollin C. Smith | W. D. | Feb. 9, '69 | Feb. 13, '69 | 5 | 413 | 16 | | und. |
| 14. Griffin & Smith's add'n | | Plat. | Feb. 18, '69 | Feb. 20, '69 | 5 | 448 | 16 | | all. |
| 15. Identity of add. with land in controversy. | | | | | | | | | |
| 16. Henry Grebe, sheriff | J. M. Woolworth | S. D. | Jan. 22, '70 | Jan. 22, '70 | 7 | 766 | 17 | 6 | all. |
| 17. J. M. Woolworth | Griffin & Smith | Q. D. | Jan. 25, '70 | Jan. 25, '70 | 8 | 5 | 19 | 6 | all. |
| 18. Griffin & Smith & wives | Caroline P. Gaslin | Q. D. | Feb. 10, '70 | Feb. 11, '70 | 8 | 89 | 19 | | all. |
| 19. C. P. Gaslin | Wm. Gaslin, Jr | P. of A. | Dec. 21, '70 | Jan. 5, '71 | 10 | 360 | 19 | | all. |
| 20. C.P.Gaslin, by W.G.,Jr | R. C. Smith | W. D. | Jan. 5, '71 | Jan. 5, '71 | 10 | 363 | 20 | | all. |
| 21. R. C. Smith and wife | Wm. Gaslin, Jr | W. D. | Oct. 31, '71 | Nov. 1, '71 | 11 | 640 | 20 | | all. |

Abbreviations,—"D. A.," defendant's abstract; "P. A.," plaintiff's abstract; "W. D.," warranty deed; "Q. C.," quit-claim deed; "S. W. D.," special W. D.; "S. D.," sheriff's deed; "P. of A.," power of attorney.

Objections were made to the introduction of a copy of the deed from Augustus Graeter, sr., to Augustus Graeter, jr., which will be noticed hereafter.

In 1859, Woods, Christie & Co. brought an action in the district court of Douglas County against William J. Baugh, A. B. Dawkins, and A. F. Graeter, and afterwards recovered judgment in said action, under which the land in question was sold as the property of A. F. Graeter. This sale was afterwards confirmed and a deed made to the purchaser. It is earnestly urged that the court had no jurisdiction in the premises, and that the entire proceedings are void. Without at this time, more than twenty-five years after the judgment was rendered, reviewing the proceedings step by step as though the case was now before us on error, we will say that the testimony fully establishes the fact that the court had jurisdiction in that case, and that its judgment is final and conclusive. It seems that afterwards, in the year 1869, an application was made to have the sheriff amend his return to conform to the facts, and leave was granted and the return amended. This power to permit amendments to conform to the facts is inherent in courts of record, and while care should be exercised to see that it is not abused, a denial of the right in many cases would work great injustice. The amendment therefore was a proper exercise of the power of the court.

It is claimed, however, that the judgment at this time was dormant. But that question does not enter into the case. The land had been sold to satisfy the judgment, and the amendment sought was to correct the return according to the facts—to make it state exactly what had been done in the case. Whether the judgment was dormant or not could not affect proceedings which had taken place under it while it was in full force, and a confirmation of the sale cures all irregularities in the proceedings.

The question here involved was before this court in *Day v. Thompson*, 11 Neb., 123, and the sale of the real estate under the order of the court sustained.

But it is claimed that even if the sale was valid, still as the land was conveyed to Graeter in trust for North, that no title passed by the sale. It will be observed that the deed from Jane A. North to Augustus Graeter was a warranty deed absolute in its terms; that the deed from August Graeter, jr., to North, and from North to Augustus Graeter, jr., are the same. In such case it is well settled in this court that an express trust to reconvey to the grantor cannot be raised by a parol promise. *Hansen v. Berthelsen*, 19 Neb., 433. *Courvoiser v. Bouvier*, 3 Neb., 55. Secret trusts are not favored, and even if such a trust could be enforced against the alleged trustee, a *bona fide* purchaser of the premises would be entitled to protection. We hold therefore that no trust was created in favor of James E. North by the several deeds to Augustus Graeter, jr.

Mr. North, at the time he executed the deed to Augustus Graeter, jr., was under the age of twenty-one years, he having reached his majority in 1859. He sought to disaffirm said deed in 1872, by the execution of a deed, of which the following is a copy:

"JAMES E. NORTH to JAMES E. NORTH. Know all men by these presents, That whereas on the ninth day of January, A.D. 1858, the undersigned, James E. North, was seized in fee of the undivided one-half of the west half of the north-west quarter of section twenty-eight, town fifteen, range thirteen, east sixth principal meridian, Nebraska, excepting about seventeen acres thereof owned by O. B. Selden; and whereas, on said last-mentioned day, said James E. North made a warranty deed in form of law to, and at the solicitations, of one Augustus Graeter, jr., pretending thereby to convey to said Graeter, jr., the said interest of said North; and whereas, at the date of said pretended sale and conveyance, the said James E. North was a minor, and under the age of twenty-

one years, which said fact was well known to said Graeter; and whereas said pretended sale and conveyance was so made and procured by and from said James E. North while he was a minor, by said Augustus Graeter, jr.; and whereas, said James E. North, when he did arrive at majority and of the age of twenty-one years did, and ever since has disaffirmed his said deed to said Graeter, jr.; and whereas said interest of said James E. North has been and now is held by him undivided with other parties, whose names are unknown to said North, whereby said North has been prevented from taking active possession of said land.    Now, therefore, I, the said James E. North, do hereby disaffirm and annul my said deed by this, my deed of disaffirmance, as at all times since my majority have heretofore done, and place this, my deed of disaffirmance, upon record as notice to all.    December 1st, 1871.

" In presence of         JAMES E. NORTH.
" CHAS. BRINDLEY. ∫ (Int. Rev., 50 c.)

. " THE STATE OF NEBRASKA, ⎱ On this 5th day of April,
      PLATTE COUNTY.      ⎰ A.D. 1872, before me, a Notary Public in and for said county, personally came the above-named James E. North, who is personally known to me to be the identical person whose name is affixed to the above deed of his disaffirmance, and he acknowledged the instrument to be his voluntary act and deed.

" Witness my hand and notarial seal the date aforesaid.
                    " CHAS. A. SPEICE, Notary Public.
" Recorded April 29th, 1872, at 8½ o'clock A.M.
          " WM. H. IJAMS, County Clerk."

The question within what time a minor who has conveyed his real estate must disaffirm his deed after coming of age was before this court in *Ward v. Laverty*, 19 Neb., 429, and it was held that such disaffirmance must be within a reasonable time or be barred of the right, and that three years was not a reasonable time.    *Goodnow v.*

*Empire Lumber Co.*, 31 Minn., 468. *Green v. Wilding,* 59 Iowa, 679. *Jones v. Jones,* 46 Id., 466. *Wright v. German,* 21 Id., 585. *Jenkins v. Jenkins,* 12 Id., 195. This is a reasonable rule. The minor, on coming of age, can then determine whether the conveyance was for his benefit or not. If, in his opinion, it was not, the law allows him to disaffirm. The grantee, however, has rights in the premises, and justice requires that the grantor should use reasonable diligence in making his election. The disaffirmance, therefore, of North in 1872 was not within a reasonable time, and was unavailing. It was of no avail for another reason. The legislature of 1869 passed an act reducing the time in which an action for the recovery of real property could be brought from twenty-one years to ten years, and fixed a reasonable time in which to bring actions before the act took effect. This act was held to be valid in *Horbach v. Miller,* 4 Neb., 31, and we adhere to that decision.

The plaintiffs in error, however, claim that they have acquired title to the premises by adverse possession. It would subserve no good purpose to review the testimony upon that point; it clearly establishes the fact that they have *not* acquired title by adverse possession.

Objections were made to the deed from Augustus Graeter, sr., to Augustus Graeter, jr., executed in January, 1858, for an undivided half of the land in question, for the reason that said deed was executed in another state and acknowledged before a purported justice of the peace, and did not have a certificate of the proper certifying officer of the county where the acknowledgment was taken under seal of his office, showing that the person whose name is subscribed to the certificate of acknowledgment was, at the date thereof, such officer as he is therein represented to be; that he is well acquainted with the handwriting of such officer, and believes his signature to be genuine, and that the execution

and acknowledgment are according to the laws of the state wherein the execution took place. The requirement named in the objection is statutory. The legislature has declared the manner in which a deed executed and acknowledged in another state before an officer having no seal shall be authenticated. This is a matter over which the courts seem to have but little discretion. If the provision is too stringent the remedy lies with the legislature; but to entitle a deed to be received in evidence it must be certified in the mode provided in the statute. *Irwin v. Welch,* 10 Neb., 479. *Heelan v. Hoagland,* 10 Neb., 511.

The plaintiff. below introduced testimony tending to show that the deed in question was executed according to the laws of the state of Ohio, the state where the deed was acknowledged. But this is only a part of the statutory requirement, and by no means dispenses with the proper certificate. It is argued, however, that the plaintiffs in error claim title through the deed in question, and that therefore they are not in a position to dispute the validity of the deed. This under certain circumstances is true, but we do not understand that they necessarily base their title on such deed. Gaslin introduced it in evidence showing his right to recover in the case. If, as held in *Irwin v. Welch,* the record of a deed so executed without such certificate is a nullity and inadmissible in evidence as against a subsequent purchaser of the land, a question may arise as to what rights, if any, the plaintiff below acquired by such deed. In any event it devolved on him to offer a deed properly certified as a part of his claim of title, and until he did this the adverse party might rely upon his possession alone as a defense. The court therefore erred in admitting the deed in question.

It is unnecessary to trace the various conveyances by which Judge Gaslin acquired title. They will be seen by an examination of the abstract heretofore given. He is shown to have a clear title to an undivided half of the

premises in question, and within twenty days from this date he may elect to have judgment entered in this court for that quantity. In case of his failure to elect within the time named, the judgment of the district court will be reversed and the cause remanded for further proceedings.

JUDGMENT ACCORDINGLY.

THE other judges concur.