TRUMAN E. STEVENS, APPELLEE, V. ANNA C. PAULSEN ET AL., APPELLEES, IMPLEADED WITH OMAHA LOAN & TRUST COMPANY ET AL., APPELLANTS.

FILED APRIL 17, 1902. No. 11,563.

Commissioner's opinion, Department No. 2.

1. Statute of Limitations: TAX LIEN. The statute of limitations does not run against a tax lien until five years after the right of action has accrued thereon.

2. County Treasurer: NOTICE OF TAX SALE: CONTENTS. Section 109, chapter 77, Compiled Statutes, requires the county treasurer, in his notice of a tax sale, to give a list of the land to be sold and the amount of the taxes due thereon, but does not require the treasurer to include in the notice the amount of the interest due on the taxes up to the day of the sale.

APPEAL from the district court for Douglas county. Heard below before FAWCETT, J. *Affirmed.*

*F. A. Brogan* and *Crofoot & Scott,* for appellants.

*W. A. Saunders* and *A. C. Wakeley, contra.*

OLDHAM, C.

This was an action to foreclose certain tax liens upon two parcels of land in Douglas county, Nebraska,—one in section 30 and the other in section 31, township 15, range 13. There were numerous defendants in the court below,

but only two of them—The Omaha Loan & Trust Company and the Boston Safe Deposit & Trust Company—have appealed from the judgment of foreclosure rendered by the district court. The Boston Safe Deposit & Trust Company pleaded the statute of limitations in its answer, claiming that more than five years had elapsed from the date of the tax certificate before it was made a party defendant to the action in the court below. Its answer, however, disclosed the fact that less than five years had elapsed from the time that plaintiff's right of action had accrued upon the tax certificates before it was made a party defendant to the action; hence the court below followed a long and unbroken line of decisions of this court in overruling its plea of the statute of limitations.

The Omaha Loan & Trust Company makes no complaint of the decree of foreclosure rendered by the trial court on the parcel of land situated in section 30, but complains of so much of the decision of the district court on the parcel of land situated in section 31 as allowed the plaintiff the amount of the tax with interest at twenty per cent. to the time of entering the decree and also an attorney's fee of ten per cent. of the amount of the lien. This objection is based on the fact that in the treasurer's published notice of the tax sale the amount set opposite the description of this property as the amount of the taxes due was $137.50, whereas the amount due at the time of sale was $144.85. This difference arose from the fact that the treasurer, in making out the sale notice, did not compute interest up to the date of the sale, but inserted the original amount of the tax, without interest. It is contended that because of this defect no valid public sale of this property for taxes was ever held, and therefore there could be no valid private sale, and that the purchaser, by the payment of his bid, was simply subrogated to the rights of the county for the enforcement of his lien for the amount which he has paid, with interest at ten per cent. per annum. Section 109, chapter 77 of the Compiled Statutes, contains, among other things, the following: "The notice shall contain a

notification that all lands, on which the taxes of the preceding year, naming it, remain unpaid, will be sold, and the time and place of the sale and said notice must contain a list of the land to be sold, and the amount of taxes due thereon." As this section of the statute provides that the treasurer may adjourn the sale from day to day until all the lands or lots or blocks have been offered, it would be impossible for him in his published notice to estimate the exact amount of the tax and interest up to the date of the sale, as he would be unable to determine in advance what particular day any particular tract might be offered, and it would seem to be a fair inference that the statute is satisfied by a statement of the amount of all the tax levied; the interest being merely a matter of computation to be made when the land is sold. We think that this view of the statute is in harmony with the doctrine announced by this court in the case of *Stegeman v. Faulkner*, 42 Nebr., 53.

It would then follow that the trial court was right in holding that the public and private sale of the parcel of land in dispute was valid and that the judgment should be affirmed, and we so recommend.

BARNES and POUND, CC., concur.

By the Court: For the reasons set forth in the foregoing opinion, the judgment of the district court is

AFFIRMED.