JOHN W. WHIFFIN, APPELLEE, V. CHARLES E. HIGGIN-
BOTHAM ET AL., APPELLANTS.

FILED JANUARY 8, 1908.   No. 15,034.

Tax Sales: RIGHTS OF PURCHASERS.   Section 242 of the revenue act of
1903 (Comp. St., ch. 77, art. I) saves to the parties purchasing
land at tax sales held prior to the passage of that act all rights,
vested or otherwise, extended to them by the statute in force
when the purchase was made.

APPEAL from the district court for Adams county: ED
L. ADAMS, JUDGE.  *Affirmed.*

*J. W. James,* for appellants.

*Tibbets, Morey & Fuller,* contra.

DUFFIE, C.

November 7, 1900, John W. Whiffin, the plaintiff and
appelleee, purchased at public tax sale lots 16 and 17. in
block 16, in the city of Hastings, Nebraska, for delinquent
taxes then due, amounting to $191.15.   He has paid sub-
sequent taxes as they accrued from year to year, including
the taxes for 1905, and on April, 1906, he commenced this
action to foreclose said tax sale certificate.   Objection,
both by demurrer and answer, raised his right to fore-
close; the defendant Farrell insisting that the action was
barred by statute.   Judgment went in favor of the plain-
tiff, and defendant Farrell has brought the case to this
court on appeal.

Under the law in force in 1900, when the property was
bid in at tax sale, the purchaser had five years from the
date on which the action accrued—that is, from the date
of the expiration of time of redemption by the owner—
to commence his action to enforce his lien against the
land for the purchase price of his certificates, and for
subsequent taxes paid by him, thus giving him seven years
from the date of sale to commence such action.   *Stevens*

*v. Paulsen,* 64 Neb. 488. April 4, 1903, what is known as our new revenue law was passed and approved. Sections 232 and 233 of that act (Comp. St., ch. 77, art. I) limit the time within which an action to foreclose a tax lien may be commenced to three years from the expiration of the right of redemption, or five years from the date of the sale. The limitation provided by the legislature for commencing an action relates to the remedy, and the authorities are uniform that the legislature may, by amendment, shorten the time previously given for commencing an action, if the new statute provides a reasonable time to institute actions which have accrued before the amended law goes into effect. As a general rule, parties who have entered into a contract, taken part in any transaction, or acquired any right of property, have no vested rights in the existing statute of limitations. *Pearsall v. Kenan,* 79 N. Car. 472. Such statutes have been uniformly construed as affecting merely the remedy, and may operate retroactively. *Watts v. Everett,* 47 Ia. 269. In *Terry v. Anderson,* 95 U. S. 628, Chief Justice Waite said: "It is difficult to see why, if the legislature may prescribe a limitation where none existed before, it may not change one which has already been established. The parties to a contract have no more a vested interest in a particular limitation which has been fixed than they have in an unrestricted right to sue. They have no more a vested interest in the time for a commencement of an action than they have in the form of the action to be commenced; and as to the forms of action or modes of remedy, it is well settled that the legislature may change them at its discretion, provided adequate means of enforcing the right remain." This rule has been recognized and enforced by this court in *Horbach v. Miller,* 4 Neb. 31, and *O'Brien v. Gaslin,* 20 Neb. 347.

Defendant Farrell insists that this rule should be applied in this case; while plaintiff relies upon section 242 of the new revenue act (Comp. St., ch. 77, art. I) to take the case out of this general rule. That section is in the

following language: "Nothing in this act shall be construed to release, discharge, or in any way affect the validity or the collection of any tax heretofore assessed and levied under the revenue laws in force prior to the taking effect of this act, nor shall the same affect pending actions founded thereon or causes of action which may have accrued; but all rights in relation to such taxes and the collection thereof and all rights that may have accrued to persons under the revenue laws of this state are hereby saved and reserved." Defendant argues that this section saves to the defendant nothing but vested rights, and that it does not cover or include the remedy for enforcing such rights or the time within which an action to enforce his remedy should be brought. The law has been well settled that the legislature cannot take away or affect vested rights, and this has been so long and well established that we cannot presume the legislature attempted by this section to reserve to a tax sale purchaser a right of which it had no power to deprive him. If the section is construed to mean that it saves to the plaintiff or others having like claims only such rights as have become vested in consequence of his purchase, then the section would be meaningless and could have no effect whatever. We cannot presume that the legislature passed a meaningless statute, and the only force which this section can have is to save to the plaintiff and others in his position every right given him by the old revenue law, whether it related to his cause of action, or to the means of enforcing it and the time within which he should apply to the courts for his remedy. It may be questioned, also, whether the seven years given him by the old act was not a vested right. Under it his lien against the land purchased existed for seven years from the date of the sale. The new act preserves the lien of a tax sale purchaser for five years only. In *Alexander v. Shaffer*, 38 Neb. 812, it was held: "When land has been sold for taxes and a suit to foreclose the lien therefor is not instituted within five years from the expiration of the time to redeem, the lien is extinguished and ceases to be

a charge upon the land. The statute in that respect does not merely operate to defeat the remedy, but limits the duration of the lien itself." This case was followed in *Osgood v. Westover*, 2 Neb. (Unof.) 668. It will be seen, therefore, that our new revenue act not only shortens the time within which an action to enforce a lien may be commenced, but it also shortens the life of the lien itself. We are quite clear that the plaintiff's rights are to be measured by the provisions of the old revenue law under which his purchase was made, and not by the act of 1903.

We recommend an affirmance of the judgment.

EPPERSON and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.