RINNAH A. WELLS, APPELLANT, V. PETER B. BLOOM ET AL., APPELLEES.

FILED JUNE 23, 1914. No. 17,576.

1. **Taxation:** TAX SALE: RIGHTS OF PURCHASER: LAW GOVERNING. The rights of a purchaser of land at tax sale, at the time of applying for a tax deed, and the rights of the owner of such land at said time,

are to be measured by the provisions of the revenue law in existence at the time of the tax sale and the receipt by the purchaser of his tax sale certificate, and not by a different law enacted subsequent to the tax sale and prior to the application for a tax deed. Comp. St. 1903, ch. 77, art. I, sec. 242.

2. ——: ——: ——: ——. The record examined, and *held,* that the rights of the parties in this suit must be determined under the revenue law of 1901 (Comp. St. 1901, ch. 77, art. I) in force at the time defendant purchased the land in controversy at tax sale and obtained his tax sale certificate.

3. ——: TAX DEED: VALIDITY. A tax deed issued in 1904, upon a tax sale certificate issued on a treasurer's tax sale made in 1902, without a previous compliance by the purchaser with the requirements of section 124, art. I, ch. 77, Comp. St. 1901, is void and confers upon the grantee in such tax deed nothing more than color of title.

4. ——: TAX SALE: REDEMPTION. And in such case the owner of the land may proceed at any time within ten years to quiet his title as against such tax deed and to redeem his land from such tax sale.

APPEAL from the district court for Lincoln county: HANSON M. GRIMES, JUDGE. *Reversed with directions.*

*J. G. Beeler,* for appellant.

*Wilcox & Halligan, contra.*

FAWCETT, J.

Plaintiff instituted this suit in the district court for Lincoln county to quiet his title to the west half of section 25, township 12 north, of range 28 west of the 6th P. M., in that county, against an alleged void tax deed. Defendant demurred to the petition upon the grounds: (1) that it does not state facts sufficient to constitute a cause of action; and (2) that it shows upon its face that more than six years had elapsed since the time defendant obtained his treasurer's tax deed and went into possession of the land involved. The demurrer was sustained, and, plaintiff electing to stand upon his petition, the suit was dismissed. Plaintiff appeals.

The petition alleges that plaintiff is the owner in fee of the lands in controversy, under mesne conveyances from the United States to the Union Pacific Railway Company

and from the railway company to plaintiff; that defendant, under the name of P. B. Bloom, claims title to the land and is in possession of the same under and by virtue of a treasurer's tax deed, dated November 18, 1904; that the deed is void and conveyed no title to defendant, for a number of reasons, among which are that defendant purchased the land at tax sale on November 3, 1902, for the taxes of 1900 and 1901, for the sum of $14.55; that, at the time he obtained the tax sale certificate, section 124, art. I, ch. 77, Comp. St. 1901, which was then in force, provided: "Every such purchaser or assignee by himself or agent, shall, before he shall be entitled to a deed, make an affidavit of his having complied with the conditions of the foregoing section, stating particularly the facts relied on as such compliance, which affidavit shall be delivered to the person authorized by law to execute such tax deed, to be by such officer entered on the records of his office, and carefully preserved among the files of his office, and which record or affidavit shall be *prima facie* evidence that such notice has been given. Any person swearing falsely in such affidavit shall be deemed guilty of perjury, and punished accordingly." The "foregoing section," referred to in section 124, provided: "Hereafter no purchaser or assignee of such purchaser of any land, town, or city lot, at any sale of lands or lots for taxes or special assessments due, either to the state or any county or any incorporated town or city within the same, or at any sale for taxes or levies authorized by the laws of this state, shall be entitled to a deed for the lands or lots so purchased, until the following conditions have been complied with, to wit." The conditions therein required to be complied with are the serving of notice of the expiration of the time for redemption, the persons to be served and the manner of service. The petition then, in detail, alleges an utter failure on the part of defendant Bloom to comply with any of the provisions of section 124, *supra.* The prayer is for an accounting as to the amount necessary to be paid by plaintiff in order to redeem from the tax sale and have his title quieted, and for an accounting by defendant of rents and

profits during the years he had been in possession of the land.

The point upon which this case turns is whether the rights of the parties are to be in all respects determined under the law in force in 1902, when the defendant purchased the land at tax sale and obtained his certificate, or under the law in force in 1904, when he obtained his tax deed. The courts of other jurisdictions are not harmonious on this point. We are relieved of the necessity of considering this conflict in the authorities elsewhere, for the reason that we think the question has been settled by this court in *Whiffin v. Higginbotham,* 80 Neb. 468. In the syllabus we held: "Section 242 of the revenue act of 1903 (Comp. St., ch. 77, art. I) saves to the parties purchasing land at tax sales held prior to the passage of that act all rights, vested or otherwise, extended to them by the statute in force when the purchase was made." The section of the statute there referred to is in the following language: "Nothing in this act shall be construed to release, discharge, or in any manner affect the validity or the collection of any tax heretofore assessed and levied under the revenue laws in force prior to the taking effect of this act, nor shall the same affect pending actions founded thereon or causes of action which may have accrued; but all rights in relation to such taxes and the collection thereof and all rights that may have accrued to persons under the revenue laws of this state are hereby saved and reserved." The opinion then states (p. 470) : "Defendant argues that this section saves to the defendant nothing but vested rights, and that it does not cover or include the remedy for enforcing such rights or the time within which an action to enforce his remedy should be brought. The law has been well settled that the legislature cannot take away or affect vested rights, and this has been so long and well established that we cannot presume the legislature attempted by this section to reserve to a tax sale purchaser a right of which it had no power to deprive him. If the section is construed to mean that it

96 Neb. 28

saves to the plaintiff or others having like claims only such rights as have become vested in consequence of his purchase, then the section would be meaningless and could have no effect whatever. We cannot presume that the legislature passed a meaningless statute, and the only force which this section can have is to save to the plaintiff and others in his position every right given him by the old revenue law, whether it related to his cause of action, or to the means of enforcing it and the time within which he should apply to the courts for his remedy. * * * (p. 471.) We are quite clear that the plaintiff's rights are to be measured by the provisions of the old revenue law under which his purchase was made, and not by the act of 1903." While the opinion refers constantly to the rights saved to the plaintiff, and saves to him the benefits of the law as it stood at the time of his purchase at the tax sale, it is equally applicable to the owner of the lands so purchased, and saves to him all of the rights he had at that time. This is made clear by the concluding clause of the section quoted, viz.: "But all rights in relation to such taxes and the collection thereof and all rights that may have accrued to persons under the revenue laws of this state are hereby saved and reserved."

We therefore hold that the rights of the parties in this case must be determined under the revenue law of 1901 (chapter 77, art. I) in force at the time defendant purchased the land in controversy at tax sale and obtained his tax sale certificate. This being true, then, under the facts pleaded in plaintiff's petition as above set out, which are expressly admitted by the demurrer, defendant's tax deed is void and conferred upon him nothing more than color of title. Plaintiff, therefore, had a right to proceed to quiet his title and to redeem at any time within ten years. Having proceeded within that period, the court erred in sustaining the demurrer and dismissing the suit.

The judgment is therefore reversed and the cause remanded, with directions to overrule defendant's demurrer, and for further proceedings according to law.

Reversed.