OVERLAND DAVENPORT COMPANY, Appellee, v. W. M. NOVAK AUTO COMPANY et al., Appellants.

**JUDGMENT:** Setting Aside Default. A finding by the trial court, on supporting testimony, that defendant was duly served with the original notice, is necessarily conclusive.

*Appeal from Mahaska District Court.*—CHAS. A. DEWEY, Judge.

DECEMBER 14, 1920.

HEARING on motion to set aside default and judgment. Motion overruled. Defendants appeal.—*Affirmed.*

*Edward A. Schmidt,* for appellants.

*Maxwell A. O'Brien,* for appellee.

ARTHUR, J.—An action was brought by the Overland Davenport Company, appellee, against W. M. Novak, Margaret Novak, and W. M. Novak Auto Company, on a written contract or note for $375. The action was aided by attachment, and a levy was made on certain property of the defendants.

At the October term, 1919, of the district court, in the afternoon of the second day, beginning October 7, 1919, default and judgment were entered against the defendants for the amount due on the note, and costs.

On the 22d day of November, 1919, the defendants filed a motion to set aside the default and judgment. The ground of the motion is "that the defendants have never been served with legal notice, as provided by law." The motion was supported by affidavits of merit, and answers were tendered. The motion was submitted, and, on November 25, 1919, was by the court overruled. From this ruling, defendants appeal.

The motion was submitted on oral testimony.

W. M. Novak testified that he was not served with original notice; that he did not receive a copy of the original notice. He admitted that he had been served with notice of the levy of the attachment, and said that was the only notice with which he was served. Margaret Novak testified that she was the wife of W. M. Novak; that no original notice was served on her; that she was served with notice of the levy of the writ of attachment; that the attachment notice was the only notice that she received. D. E. Henley, sheriff, who had the original notice for service, was called by plaintiff, and testified. He identified the original notice and the return of service thereon, which was introduced in evidence, and showed legal and timely service on the defendants. The sheriff testified that he served the notice on the defendants by serving W. M. Novak and Margaret Novak, and that he gave a copy of the notice to each of them, and also served the notice of levy of attachment on, each of them, and delivered to each of them a copy.

The return of the original notice shows proper service on defendants. The return of service shows that the original notice and notice of the levy of attachment were both served at the same time. But the filing date on the writ of attachment and notice of levy was July 28, 1919, and the original notice in the clerk's office shows filing on October 17, 1919. From the filing stamp on the original notice, it seems that it was not filed in the clerk's office at the time the judgment was taken. After examining the original notice and return of service thereon, and hearing the oral testimony of the defendants and the sheriff, the court found that the defendants had been served with due, legal, and timely notice of the pendency of the action, and overruled the motion to set aside default and judgment.

The only question presented to the court below was whether or not the defendants had been served with the original notice.

The appellants assign as error the overruling of the motion to set aside the default. They also assign as error that the written contract sued on was not signed by Margaret Novak, and that she was in no way interested in the firm of W. M. Novak Auto Company; that no notice or return was filed in the office of the clerk of the district court at the time judgment was rendered;

that the return of the sheriff on the original notice was defective in failing to show that the defendants were served as required by law.

As above stated, there was only one proposition before the lower court, and that was the question as to whether or not the original notice had been served on appellants. The further propositions, now assigned as errors, were not presented to the lower court, as disclosed by the record, and appellants are, therefore, precluded from now presenting them on this appeal. Authorities need not be cited on this proposition. However, the assignments of error are not well taken.

We think there can be no question that the defendants were served with original notice, and that the lower court was justified, under the evidence, in so holding. Further, the finding of the court has the same effect as the verdict of a jury.

The ruling of the court is—*Affirmed.*

WEAVER, C. J., LADD and STEVENS, JJ., concur.