L. P. MINTLE, Appellee, v. DORA SYLVESTER et al., Appellants.

ORIGINAL NOTICE: Service—Amendment of Return. It is the *fact* of service of an original notice that confers jurisdiction: not the *return* of service merely. It follows that a return of personal service on the defendant may, after judgment, be so amended as to show the truth, to wit: service on the defendant by service on a member of his family over fourteen years of age.

*Appeal from Jasper District Court.*—D. W. HAMILTON, Judge.

MARCH 4, 1924.

ACTION in equity, to vacate a judgment and decree, upon the ground that no service of the original notice had been made on the defendant therein. From a decree as prayed, defendants appeal.—*Reversed.*

*Ed. P. Malmberg* and *Cross & Hamill,* for appellants.

*Korf & Korf* and *Ross R. Mowry,* for appellee.

VERMILION, J.—This is an action to set aside a decree entered against the plaintiff herein, in an action to quiet title wherein he was defendant, and the defendants herein were plaintiffs. The court below vacated the decree, on the ground that there was no such service of the original notice in the former action as to give the court jurisdiction. The correctness of this ruling is the ultimate question presented, although there is necessarily also involved the refusal of the court to permit the return of the original notice to be amended.

The land involved in the action to quiet title is in Jasper County, and the original action was there pending; but the appellee, the defendant therein, was at the time a resident of Poweshiek County. The return of service of the original notice in the former action was by the deputy sheriff of Poweshiek County, and showed that the original notice was served personally on the defendant therein, by reading the notice to him and delivering to him a copy, in Sugar Creek Township, Poweshiek County.

It is conceded that this return does not correctly state the fact as to the service. The testimony of the officer who served the notice is uncontradicted, and to the effect that he served it on the defendant in the action to quiet title by leaving a copy thereof with Lorene Mintle, the wife of the defendant, a member of his family over 14 years of age, at the defendant's usual place of residence in Sugar Creek Township, Poweshiek County, and that the defendant was not found within the county of his residence. There was, in fact, good service on the defendant in that action by substituted service. The defendants in this action, after that fact was shown, asked that the officer be authorized to amend his return in accordance with the truth. This was denied.

Code Section 3521 provides, in reference to an officer's return of service of an original notice, that "the court may permit an amendment according to the truth of the case." Independent of the statute, the power to permit amendments is inherent in the courts, and exists at common law. 32 Cyc. 538; *O'Brien v. Gaslin,* 20 Neb. 347 (30 N. W. 274).

Amendment of the return of service of notice or summons may be made after judgment. See *Lawrence v. Howell,* 52 Iowa 62, where there was no return of service until a year after the judgment was rendered, and *Hoyt v. Brown,* 153 Iowa 324. In *Jeffries v. Rudloff,* 73 Iowa 60, the sheriff was permitted to amend his return on a writ of attachment after judgment, and when an action was pending against him, based on the return. See, also, 32 Cyc. 539; 21 Ruling Case Law 1329; *O'Brien v. Gaslin,* supra; *Shufeldt v. Barlass,* 33 Neb. 785 (51 N. W. 134); *Schmidt v. Stolowski,* 126 Wis. 55 (105 N. W. 44); *Wade v. Wade,* 92 Ore. 642 (176 Pac. 192, 7 A. L. R. 1143, and cases there cited).

It is insisted, however, that this is a case of false return, and not merely a defective return; and that in such case the court acquired no jurisdiction to render the original judgment, and the return may not be amended. We do not regard the distinction as important or controlling. Any return that misstates the facts may be said to be a false return, but we think, for the reasons hereafter stated, that fact does not prevent an amendment according to the truth. In *Liston v. Central Iowa R. Co.,* 70 Iowa 714, the question arose with respect to the service of a notice required to entitle the owner of stock injured by a railroad, at a point where it had the right to fence its right of way, to recover double damages. It was held that the officer's return, showing that service had been made by leaving a copy, could be corrected by testimony that the original was served. In *Buckmiller v. Creston, W. & D. M. R. Co.,* 164 Iowa 502, the return showed that the notice was served by one as sheriff, outside his county; but he was permitted to amend the return to show that he served it in his individual capacity, and not as an officer. See, also, *Shufeldt v. Barlass,* supra.

It is the fact of service that confers jurisdiction; not the return of service merely. The return of service of notice made

by one serving it is but a method provided by statute for estab-
lishing the facts of the service. This distinction has not always
been observed by the courts, it is true; but it is sound in prin-
ciple and amply supported by authority. In *Lawrence v.
Howell,* supra, it was insisted that a return of service was juris-
dictional, because there could be no determination from an in-
spection of a record which had no existence. The court said:

"The position is certainly plausible; but where service is
actually made, it appears to us that jurisdiction is acquired, so
far as the person is concerned."

In *Buckmiller v. Creston, W. & D. M. E. Co.,* supra, it was
said that it was the fact of service that gave jurisdiction; that
the evidence of the service might be insufficient, but, if the no-
tice was actually served as required by law, and by one author-
ized, the return might be corrected. To the same effect are
*Schmidt v. Stolowski,* supra; *O'Brien v. Gaslin,* supra; *Shu-
feldt v. Barlass,* supra; *Wade v. Wade,* supra; *Leland v. Hei-
berg,* (Minn.) 194 N. W. 93; *Lovin v. Hicks,* 116 Minn. 179
(133 N. W. 575); *Paulin v. Sparrow,* 91 O. St. 279 (110 N. E.
528); *Axtell v. Rooks,* 39 S. D. 31 (162 N. W. 751); *Marin v.
Titus,* 23 S. D. 553 (122 N. W. 596); 21 Ruling Case Law
1315. In *Overland Davenport Co. v. Novak Auto Co.,* 190 Iowa
205, although the notice and return were not on file at the time
judgment was rendered, the judgment was upheld.

Appellee relies upon the case of *Bradley Mfg. Co. v.
Burrhus,* 135 Iowa 324. In that case no attempt was made to
amend the return, and it appeared without controversy that,
under the undisputed facts established, the return in question
did not conform to the requirement of the statute, and did not
show good service. No other result, under such a state of facts,
than the one reached could have been arrived at. Some of the
discussion of the question is, however, vulnerable to the criti-
cism that it ignores the proposition that it is the fact of service,
rather than the return of service, that confers jurisdiction. It
also distinguishes between a return that incorrectly states the
facts of the service and one that is merely defective or insuf-
ficient, and bases the conclusion reached upon such distinction.
In these respects the case is clearly not in accord with either
the prior or the subsequent decisions of this court or the weight

of authority in other jurisdictions, and we must decline to follow the doctrine so announced or to apply it to facts such as are here presented. While there is doubtless a distinction between a return that is defective or insufficient because some fact material to be stated is omitted, and one that states a mode of service different from that actually made, it is not seen how the distinction affects the present question. If some necessary and material fact is omitted from the return, no service is shown; yet it is quite generally held that such an omission may be supplied by amendment, with the result that what appeared to be no service at all is shown to be good service. When the return shows good service by one method, why, with equal, if not even greater, reason, may it not be made to appear by an amendment that the service was, in fact, by another authorized method? It is no answer to say that the one return is merely defective and the other is false; for they are both false, in the respect that they fail to state with accuracy the facts of the service. In the one instance, it is true, there is no positive misstatement of fact, but that affords no substantial ground for a controlling distinction. In the *Liston* case, the statement of the return that the copy of the notice was left with the agent on whom it was served was shown to be false by proof that it was the original that was so left. In the *Buckmiller* case, the return stated that the service was made by the individual making it as sheriff; and, since it was made out of his county, it was not good service. An amendment was permitted to the effect that this was incorrect, and therefore false, and that it was, in fact, made by him as an individual.

In the instant case, the return showed good service, by personal service on the defendant. On the face of the record, the court had jurisdiction of the person of the defendant, and, in default of an appearance, on the record as it then stood, properly entered a default and decree. It is now made to appear, not that there was no service on the defendant, but that the service was not as recited in the return, and was substituted service, such as is provided for by Section 3518 of the Code. Since it is the fact of service upon which the jurisdiction of the court depends, this service did, in fact, confer personal jurisdiction

of the defendant therein, and empowered the court to enter default and judgment.

We are clearly of the opinion that the appellants should have been permitted to amend the return in accordance with the facts, and that, under the undisputed testimony, showing good service of the original notice upon the defendant in the former action, the judgment and decree therein should not have been vacated.—*Reversed.*

ARTHUR, C. J., STEVENS and DE GRAFF, JJ., concur.