## RICHARDSON *vs.* McDOUGALL.

Where a plaintiff in an execution is compelled, by a judgment rendered against him to refund to a third person the value of a portion of the property sold under the execution, he may, without previous leave of the court, issue a second execution for the amount so refunded.

Where notice of retainer to defend a suit is received, and notice of the rule to plead has not been served upon the defendant personally, notice of the sale must be served on the defendant's attorney.

Where a judgment has been revived by scire facias and an execution subsequently issues, the revival must, it seems, be stated in the execution.

Oct. 1837. A SCIRE FACIAS *quare executionem non* having been issued in this cause and duly returned, the plaintiff entered a rule to plead and posted notice of the same in the clerk's office. After the entry of the rule, but on the same day, the plain-

ALBANY,
Oct. 1837.

Richardson
v.
McDougall.

tiff's attorney was served with notice from an attorney that he was retained to defend the suit on the *scire facias.* The plaintiff's attorney, disregarding the notice of retainer, entered the defendant's default for not pleading, and then, without entering any rule for judgment or filing a judgment roll, issued an execution on the original judgment. On these facts a motion was made to set aside the default and the execution. The motion was opposed on the ground that a previous execution had been issued on which personal property was sold to an amount sufficient to satisfy it, but that the plaintiff had been compelled by a judgment at law to refund to a third person $42, the proceeds of a horse sold, and that amount only had been directed to be levied upon the second execution:

*M. T. Reynolds,* for the defendant.

*S. Stevens,* for the plaintiff.

*By the Court,* COWEN, J. The proceedings of the plaintiff after the rule to plead on the *sci. fa.* as far as he went, were not regular. No declaration was necessary ; the *sci. fa.* was itself a declaration, 2 R. S. 480, § 22, 2d ed. ; but notice should have been served on the defendant's attorney of the rule to plead, he having given notice of retainer before the default for not pleading was entered. Id. 480, § 18. Rule 19. No rule for judgment was taken, nor any judgment roll made out. The plaintiff does not pretend that the proceedings on the *sci. fa.* can help him, but he claims the right to take an execution of course on the ground that he had before issued one which was partially executed, but failed in complete effect. If this be so, the mere pendency of a *sci. fa.* ought not to prejudice the right. It is said the *fi. fa.* does not refer to and profess to be founded on a judgment in the suit by *sci. fa.* That would, it is true, be necessary, had judgment been taken, although the *sci. fa.* were entirely supererogatory. This was held in *Davis* v. *Norton,* 1 Bing. 133, and 1 Rol. Abr. 900. Execution (Q.) is no more than that.

It is not denied that the execution might well have issued had it not been for the *sci. fa.* Indeed this is admitted. No point is made against the form of the execution, except that it should not have issued on the original judgment. One *fi. fa.* having before issued, a second was regular without any *sci. fa.* 2 Dunl. 1085, and the authorities there cited. Perhaps the second *fi. fa.* should have been special, reciting a partial payment of the first; but that is not mooted, and we might, if it had been, allow the plaintiff to amend.

The motion to set aside the default and subsequent proceedings must be granted; but the motion to set aside the *fi. fa.* is denied. No costs are given on either side.