Ruffin, C. J.
 

 In the case of
 
 Smith
 
 v.
 
 Daniel,
 
 3 Murph. 128, on a
 
 fieri facias
 
 against one person, the sheriff sold the slave of another, and brought the money into court, and af-terwards the owner of the slave recovered the value from the sheriff; and it was held, that the sheriff might amend his return, by striking out that which was made and inserting one of
 
 nulla bona.
 
 That is in point in the present case, to establish the power of the County Court to allow the amendment. With the propriety of the exercise of that power in particular cases, this court does not meddle; because, in general, it is a matter of discretion to allow or refuse the amendment, and, being a matter of discretion, the ground of allowing or refusing the amendment need not be set forth in the record. If, therefore, this were an appeal from a decision of the Superior Court, upon a motion originally made in that court, we should certainly not enter into it. But that is not the state of this case. This motion was made in the County Court and granted ; and from the order as it stood, simply and without any statement of facts, an appeal was taken to the Superior Court, ' where the order was reversed. If it appeared, that, in the Superior Court, evidence' was gone into, for the purpose of shewing that the amendment ought or ought not to have been made, we should have felt bound by the opinion of his Honor, founded, as it would be, partly upon matter of fact. But nothing of that kind appears. After stating a refusal of the appellee’s motion to dismiss the appeal, the record states, that “ the court proceeded to reverse the order of the County Court, and refuse the application to amend,” This imports, not that
 
 *564
 
 the decision was on any merits made known by proof to the ""Superior Court, more than they are to this court; but merely that the order of the County Court was reversed on its face, because ^ was erroneous in point of law, either because the County Court could not, under any circumstances, make the order, or because the grounds of the order ought to have been stated in it. In that we think there was error ; and viewing the case in that light, the error is one of law, and therefore cognizable by this court. We can readily conceive, that the amendment was very properly allowed. If, for example, the plaintiff in the execution, or the sheriff, was sued for the turpentine by some other person as owner, and after
 
 bona fide
 
 defence was compelled to pay for it, the defendant ought still to pay the debt, as it would thus appear, that he never had paid it. But he could not be compelled, while the original re-* turn stood as a bar to any proceeding on the judgment. Therefore it ought to be put out of the way, so that a
 
 scire fa-cias
 
 would lie on the judgment, especially, as it could not prejudice the defendant, if the turpentine really was his, inasmuch as the return would not conclude him, but he might still plead the seizure of his goods of value sufficient, as a satisfaction. It is to be observed, that there is no contest between the plaintiff and the sheriff, but only between the defendant and those persons. Now, we do not know that the facts were, as before supposed; but we presume they must have been of that kind, as we can imagine nothing else that could make the amendment desirable. It is sufficient, however, if there can be a case, in which the County Court ought to have allowed the motion; for, as far as we can see, the Superior Court reversed the decision of the County Court, without reference to any merits made to appear to the Superior Court, but for a supposed error apparent in the record. In other words, the power of the County Court to allow the amendment must have been denied, contrary to the case of
 
 Smith
 
 v.
 
 Daniel.
 

 The judgment of the Superior Court,must, therefore be reversed-; and this court, proceeding to give such judgment as the Superior Court ought to have given, doth affirm the order of the
 
 *565
 
 County Court, and direct the same to be certified to the Superior Court, in order that a
 
 procedendo
 
 may there be issued to the County Court to allow of the amendment, according as the same was ordered in the County Court.
 

 Pek Curiam, Ordered accordingly.