### IN THE

# SUPREME COURT

### OF

# MINNESOTA.

## JULY TERM, 1870.

F. W. HUTCHINS, Administrator, &c.,

*vs.*

THE COUNTY COMMISSIONERS OF CARVER COUNTY.

Execution returned satisfied by levy upon and sale to respondent, of certain real estate belonging to appellants, and described in the return as lots 3, 4, 5, 6, 7, 8, in block 27, in the town site of Chaska, in said county of Carver, according to the plat thereof, on record in the office of the Register of Deeds in said county, and whereof the sheriff had executed and delivered to respondent, a certificate of sale in due form, and which had been duly recorded. The return set forth that, on the 19th Sept., 1869, the sheriff "did levy" on the said real estate; but there was no minute by him on the execution of the time when it was delivered to him, nor any statement that at that time he levied

upon the property, which minute and statement it is declared by *Gen. Stat.*, *Ch.* 66 *Sec.* 270, shall be a sufficient levy. Upon respondent's motion, and affidavits tending to show that what was in fact done by the sheriff did not amount to a valid sale, the district court ordered, the appellants opposing, and the sheriff not being a party to the proceedings, that the sale, return and certificate, and the record thereof be vacated, and that respondent have an alias execution.

*Held*, that the order is appealable as a final order made upon a summary application in an action after judgment, and affecting a substantial right. That the district court had power to make it, if the exigency of the case required it in the furtherance of justice. That the respondent, however, had acquired a perfect title to the property as against the appellants and those claiming under them, the return being conclusive as between parties and privies; and the affidavits were inadmissible and immaterial. That the description of the property is sufficiently certain to enable a person of common understanding to identify it. That this is sufficient in a return, which, moreover, is open to amendment by the sheriff in this respect, if necessary. That the law gives to such minute and recital the effect of a formal levy; but the validity of the sale is no more dependent thereon, than on a formal levy, nor was it intended in any way to affect thereby, the conclusiveness of the return. That the order of the district court was therefore unnecessary and erroneous, and must be reversed.

The defendants in this action appeal from a final order made therein by the district court for Carver county, upon summary application of the plaintiff, after judgment.

The nature of the order, and the circumstances in which it was made, are fully stated in the opinion.

JAS. WEINMAN and W. P. WARNER, for appellants.

SMITH & GILMAN, for respondent.

*By the Court*—RIPLEY, CH. J. The return upon an execution, issued upon a judgment recovered by the respondent, in the district court for Ramsey county, against the appellants, is as follows :

Hutchins v. Commissioners of Carver County.

"State of Minnesota, }
    County of Carver. } *ss.*

I, Fred Hecklin, sheriff of said county of Carver, do hereby certify and return, that by virtue of the within execution, I did, on the 19th day of September, A. D., 1869, levy on the following described lands and tenements, lying and being in said county of Carver, to wit: lots (3, 4, 5, 6, 7 and 8,) three, four, five, six, seven and eight, in block (27) twenty-seven, in the town site of Chaska, according to the plat thereof, on record in the office of the register of deeds of said county; and did, thereafter, to wit: on the 29th day of November, A. D., 1869, at one o'clock in the afternoon, at the front door of the court house, in said county of Carver, in pursuance of notice duly and properly given, as required by law, sell the above described premises at public auction, to Francis W. Hutchins, the judgment creditor within named, for the sum of $4808.58, (that being the amount due on the within execution and costs of sale,) and that being the highest sum bid for said premises, and the said Francis W. Hutchins being the highest bidder, therefore, I certify, that the within execution is satisfied in full.
F. Hecklin, Sheriff of Carver County."

Said sheriff duly executed a certificate of sale upon said execution, setting forth that lots 3, 4, 5, 6, 7, 8, in block 27, in the town of Chaska in said county, were offered for sale and sold, at the time and place named in said return, to respondent, for said sum, which certificate was duly recorded. Upon respondent's motion and affidavits tending to show, as he alleges, that what was in fact done by the sheriff, did not amount to a valid sale, the district court on the 2d April, 1870, ordered that the sale and return, and the certificate and record thereof, be vacated, and that respondent have an

alias execution; from which order the defendants appeal.

The order is appealable as a final order, made upon a summary application in an action after judgment, and affecting a substantial right. The case of *Tillman et al. vs. Jackson*, 1 *Minn.*, 113, is directly in point.

The control which every court has over its own process, would authorize the district court in making the order appealed from, if the exigency of the case required it, in the furtherance of justice. Thus, where, after an execution had been returned, satisfied by levy and sale, a stranger proved to be the owner of the goods and had judgment against the plaintiff and sheriff, the court allowed the return to be cancelled and a new execution to issue. *Adams vs. Smith*, 5 *Cowen*, 280; see also, *Richardson vs. McDougall*, 19 *Wend.*, 80.

The power, however, exists in the interest of justice. Its exercise is therefore improper and objectionable, if justice does not require it, and we think in the present case that it did not.

The execution has been returned, satisfied by the sale of the property. The defendants do not object to the sale. They are content with the payment of their debt thus effected.

Nor is the sheriff a party to the application, nor is it made on his behalf.

The plaintiff, however, contends that it appears, upon the evidence above mentioned, that there was, in fact, no valid sale; and that doubts are thus thrown over the title, which render the property of no avail to him. Assuming the facts, as to the sale, to be as he states, they are nevertheless immaterial, if his title to the property is perfect and unquestionable. If immaterial, they present no ground for setting the sale aside.

A legal and sufficient return, by an officer, of a precept which he had authority to serve, as between parties and privies, is to be taken as true. It is not alleged that the defendants were not, at the date of the alleged sale, the owners of the property stated to have been sold to plaintiff.

As, therefore, neither the defendants nor any claiming under them, could ever be heard in any court or cause, to allege against the plaintiff or any claiming under him, that such sale did not take place as stated in such return, plaintiff's title would certainly seem to be perfect and unquestionable. This return, however, is said not to be a sufficient return, in this, that the said property is not therein described with sufficient certainty. We think this description would be held sufficient in a notice of sale, *i. e.*, to enable a person of common understanding to identify the land, and we see no reason why the return should be required to be more explicit. What more, if anything, is requisite, the plaintiff does not specify. He does not allege that the certificate of sale is not sufficiently full. There was therefore, no need, certainly, to vacate the sale on account of any want of certainty in the return, for the return was open to amendment by the sheriff, so as to supply any defect in the description. The plaintiff further insists, however, that inasmuch as the return does not show at what time the sheriff received the execution, there has been no valid levy on the property. Prior to the revision of our laws, it had become a rule of real property in this State, that a formal levy was not necessary. *Bidwell vs. Coleman*, 11 *Minn.*, 78. We do not think the revision has made any change in this respect.

The language cited by plaintiff, "upon property subject to the lien of the judgment, a minute by the officer on the execution of the time when the said execution was delivered to him, stating that at such time he levied upon the prop-

erty, * * * shall be deemed a sufficient levy." *Gen. Stat.*, *ch.* 66, *sec.* 270, does not make the validity of the sale depend upon such minute and statement. It gives to this recital by the officer the effect of a formal levy.

Whatever, however, would have been a sufficient levy before this act was passed, would still be, and it was not necessary that the sheriff should, in his return, state the particular or several acts done by him in making his levy. It is sufficient if he certifies, in general terms, that he "*levied,*" and from this all the necessary proceedings will be implied. *Tullis vs. Brawley*, 3 *Minn.* 278. He returns, in this case, that he did, on the 19th Sept., levy on the land in question; and his return is conclusive against defendants and those claiming under them. The want of the memorandum in question would, therefore, be no objection to the plaintiff's title. And as to this matter of levy, we concur in the remarks of the court, made in the case last cited, for the purpose of showing that the clause of the then existing law, "until a levy property is not affected by the execution," applied only to property not subject to the lien of the judgment; "that as the great object of a levy is to take property into the custody of the law, and by this act of the officer render it liable to the lien of the execution, thus putting it out of the power of the judgment debtor to divert it to any other use or purpose, there could be no possible motive for requiring a formal levy on property which is already subject to the lien of the judgment by virtue of the statute, and is entirely beyond the control of the judgment debtor."

The legislature amended the clause in question in conformity to these views, (*Gen. stat. ch* 66, *sec.* 269,) and thereby, and by the addition of *sec.* 270, impliedly declared that a formal levy is unnecessary. There could then be

" *no possible motive* " for requiring the adoption, in all cases, of the form of levy authorized by the last section, as a pre-requisite to the validity of a sale. And, most certainly, it cannot be inferred from anything in the law, that it was intended to impair, in any way, the conclusiveness of the sheriff's return.

The order appealed from was, therefore, unnecessary. And since the rule is, also, that the return cannot be con_troverted by parties or privies, except in an action against the officer for a false return, it follows that the statements in the affidavits, which go to controvert it, are inadmissible for that purpose. The plaintiff suggests that this rule is inapplicable, where the return is attacked in the cause in which it is made, and by a party to the action. This, however is not the case. *Frazier vs. Williams*, 15 *Minn.* 288, and cases cited.

In that case the officer's return was held conclusive against the defendant; but the rule, and the reason of the rule, is equally applicable to the case of a plaintiff. It is indeed peculiarly proper that the plaintiff should be bound by the return of an execution sale. The proceedings are at his instance, and the officer, almost without exception, follows his directions.

The case at bar is no exception. It would seem from the petition and evidence, that the plaintiff did not contemplate that any formal bid should be made on his behalf. He seems to have expected that the sheriff would proceed just as he is sworn to have done, relying no doubt, on that officer's return as conclusive against all objections to the formality and regularity of the sale. The sheriff followed his instructions. No possible injustice can result to the plaintiff by holding the return conclusive, the effect of oding so, being merely to leave him with a good title to the property

he meant to get. On the other hand, the interests of the defendant might be injuriously affected by vacating this sale.

The evidence in contravention of the return being incompetent, there is nothing in the case upon which to base the order appealed from.

It must therefore be reversed.