## SPENCER *vs.* FULLER & DOOLITTLE.

A constable being still in office, and parties being protected by his official bond, he may on the day of sale under a levy by him amend his official entries so as to make them conform to the facts, without any order for that purpose.

Officers. Constables. Levy and Sale. Before Judge POTTLE. Fulton Superior Court. September Term, 1880.

Reported in the decision.

S. A. DARNELL; GEO. S. THOMAS, for plaintiff in error.

M. A. BELL, for defendants.

CRAWFORD, Justice.

The single question made by this bill of exceptions is whether a bailiff who has levied a justice's court *fi. fa.* upon real estate, may on the day of sale, and before the sale, and whilst he was still in office, amend his official

entries so as to make them conform to the facts of the case at the time of such entries. [The amended entry was one of "no personalty."] By §3497 of the Code it appears to us that ample power is given to authorize such amendments. But it is insisted that the entry was a *nunc pro tunc* entry, and therefore needed an order of the court before the same was allowable.

As early as the case of *Hopkins vs. Burch*, 3 *Kelly*, 225, it was held by this court that "so long as the sheriff is in office, and parties are protected by his official bond, he may amend his return. This reasoning applies, (says , the judge) to constables, for they also give bond." Again it was held in the case of *Jessup vs. Gragg*, 12 *Ga.*, 263, that a constable while in office may amend his return, because he makes his entries subject to his liability for a false return. Because authority is given to the sheriff, or other executing officer failing to make an official return which he should have made, *nunc pro tunc* by order of the court, it does not follow that such officer, whilst he is still in office, must obtain such an order to authorize him to make such entries and returns as conform to the facts of the case at the time such entry or return was made.

Neither does such an entry as the one made in this case cause the levy itself to fall by reason thereof. ,

Judgment affirmed.