## MERRITT ET AL. v. GROVER.

1. **Execution**: EXISTENCE OF: ISSUING SECOND EXECUTION. An execution, ordinarily, must be regarded as existing until it has been returned; and in cases where that cannot be done, it devolves upon the party in interest to allege and prove facts, showing that a second execution might lawfully issue.

2. ———: JUDGMENT CREDITOR: PURCHASE BY. Where the judgment creditor became the purchaser at a sale, under a second execution, issued at his instance, before the first execution was returned, he was bound to know whether such second execution was lawfully issued.

3. ———: SALE SET ASIDE. Where the sale under the first execution was set aside, but the levy was not, it would seem an execution could properly issue as provided by section 3086, Code.

*Appeal from Chickasaw Circuit Court.*

SATURDAY, DECEMBER 17.

THE petition states the plaintiff Sianda Merritt is the owner of certain real estate, which is fully described, and that Thos. J. Merritt is her husband. That in 1875 the defendant obtained a judgment against said Thomas for $3,620.36, with interest at ten per cent, and a foreclosure of a mortgage on said real estate against both the plaintiffs.

That in February, 1879, an execution was issued on the judgment of foreclosure and levied on the real estate, and the same on March 8th, 1879, sold thereunder to the defendant for an amount sufficient to satisfy the judgment, except in the amount of $72, and the execution was duly returned.

That on the second day after said sale, another execution was issued on said judgment, and the same levied on the property of said Thomas, which was sold and $30 realized.

That no return of this execution has been made, nor has the money, or any part thereof, received from the sale of said property been credited on the judgment.

That in November, 1879, the court set aside the sale of the real estate, and immediately thereafter another execution was issued upon the judgment of foreclosure for the full amount of said judgment and the further sum of $128.88.

That no abandonment of the levy on the real estate, under the first execution, was ever made. Notwithstanding which fact, a levy on the real estate was made under said last execution and the same sold to the defendant. Wherefore plaintiffs insist that the last named sale is void and they ask the same to be set aside and the sheriff enjoined from executing a deed to the purchaser.

There was a demurrer to the petition on the ground the facts stated did not entitle the plaintiffs to the relief demanded. It was sustained and plaintiffs appeal.

*Potter & Ronayne*, for appellants.

*Powers & Kenyon*, for appellee.

SERVERS, J.—I. The statute provides "but one execution shall be in existence at the same time." Code, § 3025. It is 1. EXECUTION: insisted the last execution and sale thereunder existence of: issuing sec- should be set aside, because there was outstanding a previous execution, which had not been returned. In support of this proposition, in addition to the statute, *Ledyard v. Buckell et al.*, 5 Hill, 571; *Dorland v. Dorland et al.*, 5 Cow., 417, are cited. These cases were determined on motions to set aside the executions, as having been irregularly issued, and we incline to think there may be a difference where the execution is attacked before a sale, and

where an action in equity is brought afterward to set the sale aside. If, however, the case is brought within the statute, other authority is not required.

That an execution had been issued, and a sum of money realized by a sale of property before the return day of the execution, which has not been credited on the judgment, is admitted by the demurrer. It is, however, said by counsel for the appellee the statute only applies where the first execution was in existence at the time the second issued, and that an execution is not in existence when the return day has passed. That to exist is "to live, to have life or animation." We incline to think this is so. But an execution has sufficient life to sustain a sale made after the return day, if the levy was made before. For some purposes then, an execution has an existence after the return day. If for any purpose, the statute applies. We, therefore, think an execution must be regarded as existing until it has been returned.

Under the statute it is not material whether a levy had been made under the outstanding execution or not, or, if made, whether the property had been sold or not. While one execution is in existence another cannot issue. This is the rule. There may be exceptions, however, to such rule. The execution may have been lost or destroyed, but if so, a return of that fact could be made. But there may be cases where this could not be done. If so, we think it devolves on the plaintiff in execution, or the party claiming under the sale, if it is essential as to him to be shown, to allege and prove the facts which it is claimed avoid the statute.

II. Having reached the conclusion the execution under which the last sale of the real estate was made was irregular and issued without authority of law, it remains to be determined whether the sale should be set aside. Whether the sale should be set aside if a stranger to the execution had been the purchaser, we have no occasion to determine, because in the case before us the pur-

2. ———: judgment creditor: purchase by.

chaser is the plaintiff in execution. While it has been held that as to outstanding equities a judgment creditor, when he becomes a purchaser under execution, is protected to the same extent as a stranger, *Butterfield v. Walsh*, 21 Iowa, 97, it has also been held that such creditor is charged with notice that an appeal had been taken, and therefore he cannot be a *bona fide* purchaser, and not affected by the reversal of the judgment. *Twogood v. Franklin*, 27 Iowa, 239. The same principle should apply here because both executions issued at the instance of the judgment creditor, and it was his duty to see the first was returned before the second issued. He was, therefore, bound to know the second execution could lawfully issue, and as to him, we think the court erred in sustaining the demurrer.

III. The sale of the real estate under the first execution was set aside, but the levy was not. It would seem, there-

3. ——: sale set aside. fore, an execution could properly issue, as provided in Code, § 3086, and the property so levied on disposed of. But it is said the section aforesaid only applies where there is no sale for want of bidders. We are not informed why the sale was set aside, but it must have been because it was illegal. If so, there was no sale, and consequently no bidders; or if there were no bids made, which the law will recognize, it can and should be said there was no sale for want of bidders, and, therefore, the last execution under which the real estate was sold was irregular. *Downard v. Crenshaw*, 49 Iowa, 296. As the same property was levied on under the last execution as had been levied on under the first, we do not determine whether the last sale should be set aside or not for this reason.

IV. We are at a loss to know why the execution was issued for $428.88 more than was called for or due on the judgment. That the execution for this reason should be quashed on motion, we are inclined to think, but whether the sale should be set aside for this reason, we do not determine, because un-

necessary.    See, however, Rorer on Judicial Sales, section 732.

REVERSED.