MERRITT ET AL. V. GROVER.

1. **Execution:** ONLY ONE AT A TIME: STATUTE MANDATORY. Section 3025 of the Code, providing that only one execution shall be in existence at the same time, is mandatory; and the fact that the first execution was *ordered* returned, but was not, did not make a second execution, issued before the first one was returned, legal, and a sale thereunder valid.

2. ————: INVALID: WAIVER OF INVALIDITY. Although a sale of land made under a second execution, issued before the first one was returned, was in law invalid, yet where the execution debtor, knowing all the facts, stood by and made no objection to the sale, and at the expiration of the time for redemption made no sign, but surrendered possession of the land, *held* that he could not afterwards, by an action in equity, put the purchaser, who was the execution creditor, out of possession of the land, without offering to pay the judgment, and without showing that the land was sold for an inadequate consideration.

Merritt v. Grover.

*Appeal from Chickasaw Circuit Court.*

WEDNESDAY, JUNE 6.

THIS is an action in equity to set aside and vacate a sheriff's sale of certain real estate. A motion was made to strike out certain parts of the answer, which was sustained. The answer was demurred to, and the demurrer was sustained. Defendant appeals.

*Kenyon & Springer, H. Shaver and J. H. Bowers,* for appellant.

*H. H. Potter,* for appellees.

ROTHROCK, J.—This is the second appeal in this case. See 57 Iowa, 493. The former appeal was from an order

1. EXECUTION: only one at a time: statute mandatory.

sustaining a demurrer to the petition. The facts as they appear in the petition are fully stated in the former opinion in the case, which we need not here repeat. It is sufficient to say that it is claimed that the sale should be set aside because there was more than one execution upon the judgment in existence at the time of the sale of the land. It was held on the former appeal that the demurrer should have been sustained because of the existence of two executions. It is conceded in the answer that the former execution had not in fact been returned into the clerk's office, but it is averred that it had been agreed between the parties that it should be returned, and it was so ordered, and no levy was made thereunder, excepting on a mare that was sold, and that the execution was more than six months old at the time of issuing the execution under which the last sale of the land was made. It was held upon the former appeal that an execution is in "existence," within the meaning of Sec. 3025 of the Code, "until it has been returned." The fact, as alleged in the answer, that it had been ordered returned,

and that no levy had been made thereunder except upon the mare which was sold, does not meet the requirement of the statute. The defendant was the plaintiff in execution, and it was under his control, and it is not too much to require of him that he should have seen that it was returned before he ordered another. The statute appears to us to be mandatory. If we were to hold it to be directory, it would lead to many serious and embarrassing questions.

It is further averred in the answer that both of the plaintiffs were present at the time of the sale of the land by the sheriff, and that they made no objection whatever to the sale, and that, after the land was sold, the sheriff levied upon a mule, the property of plaintiffs, and the plaintiff, T. J. Merritt, upon being notified, selected an appraiser of the mule, and that the same was sold and no objection made thereto. The answer makes the following additional allegations of fact:

"Par. 3. That these plaintiffs knew the existence of all the facts set up in the petition herein at all times during making of said last sale of land, and until said petition was filed, that the time of redemption from said sale expired December 30, 1880; that said petition was not filed until January 5, 1881; that notice of this action was not served on defendant, Grover, until March 10, 1881; that in the meantime this defendant, Grover, had removed said plaintiffs from said premises without any objections on their part, and had himself taken possession of said premises without any objections from these plaintiffs, and long before any notice of this action was served on him.

"Wherefore he says that plaintiffs acquiesced in said sale, waived all objections thereto, and that their application to set the same aside comes too late."

It further appears from the answer that, notwithstanding the last execution issued for more money than the amount named in the judgment, including the interest, yet that the land sold for less than the amount

2. ———: invalid: waiver of invalidity.

Merritt v. Grover.

actually due.  Now, while it may be conceded that the statute requiring that there shall be but one execution in existence at the same time is mandatory, yet it does not follow that this mandatory provision may not be waived by the party for whose benefit it was enacted.  And we think the allegations of this answer show a clear case of waiver. It appears that plaintiffs knew another execution was in existence, and with this knowledge they not only stood by and made no objection to the sale, but, at the expiration of the time for redemption, they made no sign, but surrendered the possession of the property.  And now, without averment that the sale was for an inadequate consideration, and without offering to pay the judgment, they seek by an action in equity to put the defendant out of possession of the land.  We think that if the averments of the answer are true (and plaintiffs by their demurrer concede them to be true) they can have no standing in a court of equity.  While the facts pleaded in the answer may not raise a technical estoppel, in that the defendant cannot be said to have been misled by the acts of the plaintiffs to his injury, yet, as the plaintiffs do not show that they have been deprived of any right by a sale of the land for less than its value, and do not offer to pay the judgment, their acts of acquiescence may well be held to be a waiver of the rights conferred upon judgment debtors by the statute.  We know of no rule at law or in equity which precludes a party from waiving such a right.

REVERSED.