## JOHN OUTCAULT v. WILLIE WEE.[1]

November 2, 1928.

No. 26,881.

**What proof is necessary to show that variance is prejudicial.**

A litigant who claims prejudice from a variance between his adversary's pleading and his evidence has no standing to complain of the same without the proof required by statute, G. S. 1923, § 9281, that he has been misled, and "in what respect he has been misled."

Pleading, 31 Cyc. p. 703 n. 40.

Defendant appealed from an order of the district court for Brown county, Olsen, J. denying his alternative motion for judgment or a new trial. Affirmed.

*Pfaender & Glotzbach,* for appellant.

*Albert D. Flor,* for respondent.

STONE, J.

Action by the payee and holder of a dishonored check against the makers. There was a verdict for plaintiff, and defendant Wee (his codefendant, Smith, who signed the check as his agent, not having been served) appeals from an order denying his alternative motion for judgment or a new trial.

The check for $162 was drawn to the order of plaintiff on the American State Bank of De Smet, South Dakota, under date of December 17, 1925. The complaint did not indicate that it was antedated or that it was delivered at a time later than that indicated by its date. The sole defense was the alleged failure of plaintiff to present the check for payment within a reasonable time. The bank on which it was drawn closed its doors on December 22, 1925, never reopened, and the check was never presented or paid. The evidence for plaintiff was that the check was delivered on December 24, 1925, and was antedated to December 17. The only

[1]Reported in 221 N. W. 682.

issue submitted to the jury was whether the check was delivered on December 17 or December 24. It was resolved for plaintiff.

The one question presented by the appeal goes to the matter of the admitted variance of plaintiff's proof from the allegations of his complaint. Defendant is in no position to complain. The matter is controlled by statute. G. S. 1923, § 9281, provides that no such variance "is material unless it has actually misled the adverse party to his prejudice in maintaining his action or defence on the merits" and requires that "whenever a party alleges that he has been so misled, he shall prove the fact to the satisfaction of the court, showing in what respect he has been misled; and thereupon the court may order the pleading to be amended upon such terms as may be just." It is enough then to dispose of the case and require an affirmance that the record presents nothing in the way of an effort on the part of appellant to show that the variance in any way misled him or hindered the effective presentation of his defense. There must be independent and satisfying proof to that end in order to comply with the statute. The bare assertions of counsel, however sincere, are not enough as against the adverse conclusion of the trial court. Short v. McRea & Register, 4 Minn. 78 (119); Washburn v. Winslow, 16 Minn. 19 (33). So this is a case of variance without prejudice, or at best without any effort to comply with the statute requiring affirmative proof of prejudice in order to have entitled appellant to consideration in the way of a continuance with or without terms.

It is impossible to see how appellant was prejudiced by the admission of testimony that he had no funds in the bank at the time the check was drawn. There could have been no verdict for plaintiff unless the jury believed the testimony that the check was delivered on December 24. If it was so delivered it was drawn on a bank which had closed two days before, so that it was wholly immaterial whether or not there had been a credit balance against which the check was drawn.

Order affirmed.