JOHN H. SHORT v. GREAT NORTHERN LIFE INSURANCE COMPANY.[1]

December 13, 1929.

No. 27,584.

[1]Reported in 228 N. W. 440.

A. V. Rieke, Bonita F. Rieke and Maurice H. Rieke, for appellant.

A. L. Dretchko and A. A. Tenner, for respondent.

WILSON, C. J.

Defendant appealed from an order denying its alternative motion for judgment non obstante or a new trial. It insured plaintiff against accident. The policy provided for $100 per month while wholly disabled. On September 2, 1926, plaintiff fell into an elevator shaft in a warehouse from the third to the first floor and claims to have been seriously injured. Notice and proof of loss was promptly furnished, and defendant paid various amounts aggregating $700. It then ceased making payments. It pleaded in its answer herein "that thereafter the plaintiff was no longer disabled * * * said plaintiff has received full payment for the disability by reason of said accident." The answer denied further liability.

This action was brought to recover $800, the amount alleged to have then accrued subsequent to the accrual and payment of the $700. When the action was called for trial a year after it was commenced, plaintiff asked to amend his complaint so as to include an additional $1,200 for the period accruing while the action was pending. Defendant objected. The ruling was held in abeyance. The trial proceeded. Plaintiff over objection introduced evidence as to his condition subsequent to the period for which he sought the $800 and covered his condition down to the time of the trial. After such evidence was in the case plaintiff renewed his motion to amend and on the added ground to conform to the proof. The motion was granted.

■ The motion to amend was carelessly presented. It literally meant merely a change in the prayer for relief by asking for $2,000 instead of $800. The complaint was so framed in the first instance that little change was required except in the figures which occurred in the body of the complaint as well as in the prayer. The amendment should have been prepared and presented in better form. Obviously however all concerned understood the intent and purpose. No objection was made to this particular feature, which doubtless would have been remedied had attention been directed to it. The charge to the jury covered the matter as if the complaint had been

amended in a creditable form. No one was misled or harmed by this practice which is disapproved.

The objection urged was that no notice had been given and because thereof the amendment was a violation of defendant's constitutional rights. Upon a motion to strike the additional grounds of irrelevancy and incompetency were stated. It is to be noted that defendant stated to the court that it was taken by surprise, but no suggestion was made as to the basis for such claim nor was a definite claim made in what way it was unprepared to meet the issue made by the amendment or that it had any witnesses that it would have produced had it known that the new issue was to be tried. Indeed defendant did not point out anything resulting from the amendment that would be prejudicial to it. In such a situation, when there is prejudice, the objecting party has the burden to satisfy the court thereof. Outcault v. Wee, 175 Minn. 443, 221 N. W. 682. Upon the oral argument and in the brief appellant's counsel suggests that defendant was not prepared to meet plaintiff's evidence in relation to the 12 months immediately prior to the trial. The record does not show that the trial court was so advised. On this important element the record is silent. The assertion made for the first time in this court is made in the way of argument. We have no way of knowing the fact. We must assume that an experienced counsel would have promptly disclosed to the trial court the particular facts, if they in truth existed, why the allowance of the amendment would be prejudicial. Frankness is a strong argument before a trial court. But in this case counsel tells us in oral argument that he cautioned his witnesses not to talk about plaintiff's condition during the 12 months immediately before the trial. The record shows that in the cross-examination of one or more of plaintiff's witnesses he admonished them to confine themselves in answering to the time before that period. So far as the record is concerned, and that must govern us, appellant could have met plaintiff's evidence as to his condition subsequent to the starting of the action just as well at the time of the trial as at any subsequent time. In furtherance of justice the court was

authorized to allow the amendment. G. S. 1923 (2 Mason, 1927) § 9280. The allowance has our approval.

■ The evidence as to plaintiff's condition during the 12 months immediately preceding the trial was admissible as bearing upon his probable condition during the eight months immediately prior to the commencement of the action. This evidence was properly in the case before the amendment was allowed, though upon the record there would have been no error in allowing the amendment in the first instance. This evidence being in the case, it was appropriate to allow the amendment to conform to the proof. Defendant came into court prepared to assert the claim that plaintiff was not disabled during the eight months' period, and it would seem that it was subjected to no hardship by being required to extend its defense to the succeeding 12 months, which it studiously declined to do, but without suggesting that it was in possession of unavailable evidence. Amendments must rest largely in the trial court's discretion, which we think was judicially exercised in this case.

■ Defendant claims that under the provision of the policy proof of loss must be furnished every 60 days. This is doubtful, perhaps an erroneous claim. The purpose of a proof of loss is to furnish information from which the insurer may determine whether it has a liability. 33 C. J. 17, § 665. In a case of this character where it is directed at the occurrence of an accident within the policy, it would seem that the statutory provision in the policy by virtue of G. S. 1923 (1 Mason, 1927) § 3417, subd. 10, requires but one proof of loss. We will however here assume, without deciding, that the language is to be construed as claimed by defendant. When plaintiff rested defendant rested for the purpose of moving for a directed verdict. This motion was based upon the claim that plaintiff had not furnished proof of loss covering the periods involved in this action. Thereupon plaintiff asked permission to reopen the case so that he could introduce evidence to prove that defendant, after paying the $700, denied liability. The granting of this privilege is now assigned as error.

Plaintiff introduced evidence tending to show that when only about $200 of the $800 had accrued, the state manager of defendant

and one of defendant's claim agents called upon the plaintiff and tried to make a settlement. They threatened to withhold compensation insurance. They said, "We owe you $200 now and I will give you $400 more." The state manager said, "I will not give you another damned cent * * * we will not give you anything more [than $600] and you will either accept that or go without." Plaintiff did not settle. Such declarations, consistent with the allegations subsequently made in the answer herein, must be construed as adequately supporting the finding of the jury of a denial of liability; hence further proof of loss was unnecessary. 3 Dunnell, Minn. Dig. (2 ed.) § 4789; 33 C. J. 32, § 694. The court did right in permitting plaintiff to reopen the case and prove the facts which destroyed the technical defense invoked by defendant to avoid the consequences of its own contract, otherwise there would have been a miscarriage of justice.

■ The charge to the jury was adequate and tersely covered all the elements for their consideration. We have gone over the refused requests and the criticism of the jury and find no error, and extended discussion thereof would not be helpful.

■ Defendant challenges the sufficiency of the evidence to support the verdict. It has been asserted that plaintiff's proofs rest in subjective symptoms. We are of the opinion that the record discloses more objective symptoms than the defendant is willing to recognize. The evidence introduced by plaintiff is direct, positive and convincing. This man fell a dangerous distance. He was unconscious and dazed for several hours. He had a cut on the top of his head which the doctor sewed up. His tongue was bitten and bleeding. There was a hemorrhage from the right ear and also from his mouth and nose. The left shoulder was hurt. He vomited several times, head and neck pained, and he was very dizzy. He remained in bed in the hospital for 11 weeks and two days, then in bed at home until June 4, 1927, when he was taken to a hospital in an ambulance for examination, returned home June 14, 1927, and was in bed until the spring of 1928. At the time of trial, in November, 1928, he was up and about but had not been able to work. All

this time he had been dizzy, sick to his stomach, had headaches, and a stiff, sore neck. When he attempted to walk he fell, on account of dizziness, slept poorly, had bad dreams and irregular bowels, eyes were weak and he could not read, hearing not good, passed urine abnormally frequently, complete loss of sex power, memory poor, depressed, could not concentrate. Doctors gave the opinion that he suffered a brain contusion, which involves a disturbance and swelling of the brain and a pressure of fluid inside the cranial cavity. They said plaintiff's outlook for the future was bad. The original injuries were serious and were real. The medical experts of defendant do not agree with plaintiff's experts, but that was for the jury. We are satisfied that the findings of the jury are sustained by the evidence.

Affirmed.

