EQUITABLE LIFE INSURANCE COMPANY OF IOWA, Appellee, v.
THOMAS RYAN et al., Appellants.

No. 41106.

DECEMBER 16, 1931.

Thornell, Thornell & Adams and A. C. McGill, for plaintiff, appellee.

Ferguson & Ferguson, for defendants, appellants.

ALBERT, J.—The Ryans were the owners of the east half of the southeast quarter of section 25, township 70 north, range 40 west of the 5th P. M., in Fremont County, Iowa, subject to a mortgage for $3,000 held by the plaintiff. Plaintiff foreclosed said mortgage, which went to decree on the 4th day of October, 1929. Special execution issued thereon, and plaintiff herein was the purchaser at execution sale, which occurred November 12, 1929. Later, in due course of law, a sheriff's deed was issued to the plaintiff.

Subsequent to the issuance of the sheriff's deed, and on November 18, 1930, the Ryans (who were husband and wife) filed a motion to set aside the execution sale, and as a basis therefor say that they were, at all times involved in this litigation, occupying the southeast quarter of the southeast quarter

of the aforesaid section 25 as a homestead; that the same had been set off prior to the sale by the sheriff in regular form as a homestead. They allege that his return on the execution recites as follows:

"I first offered the North East Quarter of the *East One-Half* of the South East Quarter of Section twenty-five in Township 70, North Range Forty west of the 5th P. M. and received no bids. I then offered the South east Quarter of the *East One-Half* of the South east Quarter Section Twenty-five in Township Seventy North Range Forty west of the 5th P. M. and received no bids. I then offered the East One-half of the South East Quarter of Section 25 in Township 70 North Range Forty, West of the 5th P. M. and received the bid of $8,881.18 which was the best and highest bid offered at said sale."

They further allege that said sheriff did fail to either offer or exhaust the property in said eighty-acre tract other than the said homestead 40 acres thereof, before the sale of said homestead 40 acres, and that said sale is illegal and void.

It will be noticed from the accurate description of this property that this 80-acre tract lay with the long way north and south, and the south 40 acres was the homestead. It will be noted that under the return thus made by the sheriff, it is made to appear that he offered the northeast quarter of the east half of the southeast quarter of said section, which, of course, would be but 20 acres. The same error occurred where he said he offered the southeast quarter of the east half of the southeast quarter of said section.

On the day following the filing of this motion the sheriff who conducted the sale filed an amendment to his return on the special execution. In this amendment he, in effect, strikes from these descriptions the underscored part, to wit, "East One-Half," leaving the description to read that he offered, first, the northeast quarter of the southeast quarter of said section; then the southeast quarter of the southeast quarter of said section, and received no bids therefor on either of said offers, and he says that the use of the phrase in both instances, to wit, "East one-Half," was an oversight and mistake, and that in fact his return, as thus amended, states the actual facts in the case.

The decree, execution, notices, sale and deed and the pro-

ceedings leading up to the same are all regular and in accordance with the law in all respects, except this misdescription in the return of the sheriff, and that the description of the land in all of the proceedings other than this is the correct and accurate description of the property involved.

The question is therefore narrowed down to the one as to whether or not this sale should be set aside because of the erroneous description in the sheriff's original return. It is to be ever kept in mind in this case that no third party is involved; in other words, the purchaser at the sale and the grantee in the deed following the same was the plaintiff-creditor in the case.

In the case of McCormick v. McCormick Harvesting Co., 120 Iowa 593, which was a suit in equity to enjoin the execution of a sheriff's deed under somewhat similar circumstances, we said:

"Every reasonable intendment ·is made in favor of judicial sales, in order to secure the objects which they are intended to accomplish."

See Scott Executor v. Scott, 3 S. W. (Ky.) 598; also in 5 S. W. 423.

On hearing on this application to set aside the sale, plaintiff offered in evidence the amended return of the sheriff, the substance of which is heretofore set out, to which objections were made by the defendants as incompetent, irrelevant and immaterial, for the reasons:

1st. That the amendent is in conflict with the matters set out in Exhibit 4 (the original service).

2d. That it was the intent on the part of the sheriff to impeach his previous return made by him in this matter.

3d. It does not disclose wherein the original return is defective.

4th. The record does not show that there ever was a valid sale of said real estate prior to the time of the filing of the alleged amendment.

· If this amendment were permissible, it most certainly cured the irregularity in the original return. The question of the right of a sheriff to amend his return in a case of this character (where no third parties are affected thereby) has gone through various mutations. Aside from the objection made by the de-

fendants to this amendment to the return of the sheriff, nothing is said in their argument in relation thereto. While there is no statutory provision in this state authorizing the amendment of a return by an officer on an execution, we said in Mintle v. Sylvester, 197 Iowa 424, l. c. 426, that:

"Independent of the statute, the power to permit amendments is inherent in the courts, and exists at common law."

The whole question of the power of amendments to returns of an officer is fully discussed and disposed of in the above case, and it further states:

"Any return that misstates the facts may be said to be a false return, but we think, for the reasons hereafter stated, that fact does not prevent an amendment according to the truth."

It seems to be the quite universal rule that an officer making such a return is always permitted to amend his return to show the true state of facts, except when by so doing he prejudices the rights of third parties. Boyer v. Lincoln, 3 Ky. Law Reporter 537; Williams v. Rogers, 5 Johns (N. Y.) 163; Spencer v. Fuller, 68 Ga. 73; Welsh v. Joy, 30 Mass. 477; Barnard v. Stevens, 16 Am. Dec. (Vt.) 733; Malone v. Samuel, 13 Am. Dec. (Ky.) 172; Woodward v. Harbin, 37 Am. Dec. (Ala.) 753; Tennent-Stribbling Shoe Co. v. Hargardine-McKittrick Co., 58 Ill. App. 368; Rochelle's Heirs v. Cox, 3 La. 182; Woods v. Cooke, 61 Maine 215; Scruggs v. Scruggs, 46 Mo. 271; O'Brien v. Gaslin, 30 N. W. (Neb.) 274; Johnson v. Stone, 77 Am. Dec. (N. H.) 706; Wardsworth v. Miller, 4 Grat. (Va.) 99; Remington v. Linthicum, 10 L. Ed. (U. S.) 364; Hutchins v. County Comm. Carver Co., 16 Minn. 13; Dickinson v. Lippitt, 27 N. C. 560; Wilcox v. Emerson, 11 R. I. 501. For further cases see 23 C. J. 799.

The objections to the amendment when offered were not well taken. In the trial of the case, in addition to this amendment, oral testimony was permitted, which is undisputed in the record, showing that as a matter of fact the north 40 acres were first offered for sale and no bids were received therefor. This being a fact, the statutory requirement that all other property should be exhausted before the homestead was offered for sale, was strictly complied with. In the first place, this testimony

was not necessary after the sheriff had amended his return. This parol testimony was objected to by the defendants, and they argue quite strenuously that it was not admissible to change or vary the original return.

Many of the above cases cited run counter to this contention of the defendants', as do our own cases. Mintle v. Sylvester, supra, and Liston v. The Central Iowa Ry. Co., 70 Iowa 714, and cases therein cited from our own court, are contrary to this contention of the defendants'. Of course, the rule as to parol testimony has the same limitation as above stated on the right of amendment: to wit, parol testimony is not admissible where it would prejudice the rights of third parties.

Appellants insist that the matters involved here are controlled by Mullaney v. Cutting, 175 Iowa 547, and Drake v. Brickner, 180 Iowa 1166. The sum total of the holdings in these two cases is that, where property is sold without the right of redemption, then the statutory requirements must be literally followed. These cases have no application to the fact situation before us.

Again, this was an equity case, and, being in equity court, the applicant must be able to show, as a part of his case, that what was done was to his prejudice or injury. It is quite apparent that the only thing appellant is seeking to accomplish herein is to keep this land for the length of time required to have another sale, and thus deprive the plaintiff of the use thereof.

In Arnold v. Murphy, 199 Iowa 934, under somewhat similar circumstances, we said:

"* * * defendants are not seeking to redeem this property from the sale, but apparently want to avail themselves of the use of it for such a length of time as would be necessary for a resale of the property. It is fundamental that anyone seeking relief in court must show, before he has any standing, that some of his rights have been infringed, to the end that he has suffered damage or injury in some way."

There does not seem to be any equity in defendants' contention herein. Aside from this, however, the amendment of the sheriff to his return, which we held was properly permitted, removes all objection to the legality of this execution sale. The

608

district court, having concluded that the execution sale was regular, refused the application of the defendants to set the same aside, and with this conclusion we agree.—Affirmed.

FAVILLE, C. J., and STEVENS, DE GRAFF, and WAGNER, JJ., concur.