JOHN B. LUKE, Appellant, v. FIRST NATIONAL BANK in Creston, Appellee; WILLIAM O. NOTZ, Intervener.

No. 44268.

MARCH 8, 1938.

R. Brown and R. W. Levy, for appellant and intervener.

E. F. McEniry, for appellee.

MILLER, J.—On November 18, 1933, in an action in Union County, wherein appellee herein was plaintiff and appellant herein was defendant, decree was rendered in favor of the plaintiff, which decree provided for the foreclosure of a real estate mortgage upon 480 acres of land belonging to the defendant therein. Thereafter, on November 20, 1933, special execution was issued in pursuance of said decree, and on said date levy was made on the real estate involved. On December 19, 1933, the date on which sale was to be held under said execution, attorney for the plaintiff directed the sheriff of Union County to cancel the levy and return the special execution to the office of the clerk of the district court, and on said date said sheriff did cancel the levy upon said real estate, but made no notation thereof upon the execution itself, but on said date did write upon the jacket in which the execution was contained the words "cancelled sale", and did then deliver the jacket with the special execution to the clerk of court. Thereafter on May 4, 1934, another special execution was issued under said decree in pursuance of which the sheriff did again levy upon the real estate involved, and on June 9, 1934, did thereunder sell the real estate involved to appellee herein, and following which sale sheriff's deed has now been issued to appellee.

It is contended by appellant that at the time of the issuance of the second execution that the first execution was still in existence, that the second execution was wrongfully issued by the clerk of the district court without authority to do so, and that any sale or attempted sale by the sheriff under said second execution was void and without force and effect, and appellant in his petition asks that the sale under said second execution be set aside, declared void, and held for nought.

Intervener, in his petition of intervention, claims that during the month of January 1937, he orally purchased an undivided one-fourth interest in the real estate involved from appellant, and joins appellant in asking that the sale under said second execution be set aside, declared void, and held for nought. Following the trial, the court dismissed the petition of plaintiff and the petition of intervention, and quieted title in the real es-

tate in defendant's favor against the claims of plaintiff and intervener. From that ruling the plaintiff John B. Luke has appealed.

Section 11650 of the Code provides as follows:

"Only one execution shall be in existence at the same time."

Section 11663 of the Code provides as follows:

"Every officer to whose hands an execution may come shall give a receipt therefor, if required, stating the hour when the same was received, and shall make sufficient return thereof, together with the money collected, on or before the seventieth day from the date of its issuance."

It is the claim of appellant that the physical delivery of the execution to the clerk of the district court did not constitute *a sufficient return thereof*, in accordance with the provisions of section 11663; and that as a result thereof, the first execution was still in existence at the time of the issuance of the second.

The case of Merritt v. Grover, in which was involved the question of the issuance of a second execution while the first was in existence, was before this court on two occasions, 57 Iowa 493, 10 N. W. 879, and 61 Iowa 99, 15 N. W. 860, 861. This court in the first opinion therein determined that an execution must be regarded as existing until it has been returned, and in the second opinion determined that the statute requiring only one execution to be in existence at the same time was mandatory and not simply directory. However, in neither of said opinions was the question involved as to what constituted a sufficient return.

In the case of Richardson v. Rusk, 215 Iowa 470, 475, 245 N. W. 770, 772, a situation somewhat similar to the instant case was involved. In that case the execution had been physically delivered to the office of the clerk, but no notation relating the steps or proceedings thereunder was indorsed thereon by the sheriff. This court, in commenting thereon, states as follows:

"The only other point for consideration is whether or not the deed executed by the sheriff is valid. Many reasons are assigned by the appellee as to why said sheriff's deed is invalid. It is not necessary, in the determination of this case, that we pass upon each reason assigned. The record shows, we think,

by the greater weight of testimony, that an execution was issued on the judgment of the defendant-appellant Rusk on the 7th day of May, 1923. The sheriff levied said execution by garnishing the tenants, but was told by one of the attorneys for Rusk to hold the execution, which he did. No return was ever made of this execution by the sheriff. It was delivered by the sheriff to attorneys for Rusk without a return, and the attorneys filed the execution in the clerk's office and caused the clerk to make thereon a notation as follows: 'Returned not satisfied. New execution issued November 9, 1928'.

"There is some conflict in the evidence as to when this first execution was delivered to the clerk. We are inclined to believe, under the evidence, that the record of the clerk, consisting of the filing date stamped on the execution, together with the other evidence in the case, requires us to say that while the second execution was issued on November 9, 1928, the first one did not find its way to the clerk's office until November 19, 1928. Regardless of this fact, we are of the opinion that the filing of the first execution in the clerk's office, with a notation thereon made by the clerk that it was returned not satisfied, is not a compliance with the statute and does not constitute a return of the execution.

"Another execution was issued on November 9th and sent to the sheriff, and a sale of the real estate in question made thereunder. Without passing upon all of the objections made to the manner of the levying of the execution and the making of this sale, we are constrained to hold that the sale made by the sheriff under the second execution was void as to the mortgagee in possession. The trial court determined that the evidence sustained the contention of the plaintiff-appellee that no return had been made of the first execution when the second one was issued, and we find abundant support in the testimony for such holding, and agree with the trial court that this fact issue must be resolved in favor of plaintiff-appellee."

It is to be observed that it is questionable whether the conclusion reached in the Richardson case is based upon the fact that the first execution was not in fact physically delivered to the clerk's office until ten days after the issuance of the second execution, or upon the conclusion that the physical delivery thereof to the clerk's office with the notation thereon made by the clerk:

"Returned not satisfied. New execution issued November 9, 1928", was not a *sufficient return thereof*. However, granting to the Richardson case the construction contended by appellant, results in the clause "shall make sufficient return thereof" being construed to mean the indorsing upon the execution by the sheriff the various steps and proceedings that have been taken thereunder, and not the actual physical redelivery thereof to the clerk, and in following such construction, it is apparent that a sufficient return was not made herein at the time the first execution was delivered to the clerk by the sheriff.

■■■ On February 1, 1937, the sheriff filed an affidavit and amendment of return of the special execution, and in said amendment of return certified that on the 19th day of December, 1933, by order of attorney for the plaintiff, he did cancel the levy on the real estate theretofore made on November 20, 1933, and returned said execution to the clerk unsatisfied. It cannot be seriously questioned that if the facts stated in the amendment of return had in fact been indorsed upon the execution at the time of its physical delivery to the clerk in December, 1933, that the same would have constituted a sufficient return. We are then confronted with the question of whether or not the amendment to the return was permissible. This court in the case of Equitable Life Ins. Co. v. Ryan, 213 Iowa 603, 606, 239 N. W. 695, 696, lays down the following proposition:

"It seems to be the quite universal rule that an officer making such a return is always permitted to amend his return to show the true state of facts, except when by so doing he prejudices the rights of third parties." See also Mintle v. Sylvester, 197 Iowa 424, 197 N. W. 305.

It seems to us that in accordance with the rule above stated, that there can be no doubt that the filing of this amendment of the return was permissible. This amendment establishes that the only levy thereunder was in fact cancelled on December 19, 1933, and that on said date the execution was returned unsatisfied. This certainly establishes that following that day no valid process whatever could possibly have issued thereunder, and that as a valid instrument upon which proceedings of any kind could have issued, the same was without life or power, and as such instrument was of necessity not actually in existence. Appellant however contends that the rule quoted from Equitable

Life v. Ryan, supra, is not applicable as to the intervener Notz, on account of appellant's claim that he orally sold an undivided one-fourth interest in the real estate involved to said intervener during the month of January, 1937, prior to the filing of the amendment to said return, and that therefore the filing of said amendment prejudiced the right of a third party, towit: the intervener. However, no appeal having been taken by the intervener, the decree of the trial court is a verity as to such intervener, and the question of whether or not the rights of the intervener have been prejudiced by the filing of said amendment is not before us.

■■■ In addition to the matters hereinbefore discussed, the record establishes that following the sale under the second execution, and prior to the expiration of the period of redemption, appellant filed an application for an extension of the redemption period, under the acts of the 46th General Assembly, chapter 110, and thereafter filed an amendment to said application; that said application was brought on for hearing before the court, trial held thereon, following which the application was over- ruled; and that thereafter appellant appealed from said ruling to this court, which appeal was dismissed by this court on January 21, 1936. It is the claim of appellee herein that appellant in filing said application to extend the redemption period, and proceeding thereon, recognized the validity of the sheriff's sale, thereby acquiesced therein and ratified the same, and that by said actions waived the right thereafter to claim the sale was void. As regards this claim, it is to be observed that the two cases of Merritt v. Grover, supra, which establish that the statutory requirement that only one execution shall be in existence at the same time is mandatory, likewise positively establish that such mandatory provision may be waived by the party for whose benefit it was enacted. In the first of said cases is found the following statement:

"We incline to think there may be a difference where the execution is attacked before a sale, and where an action in equity is brought afterward to set the sale aside."

In the second of said cases the court states as follows:

"Now, while it may be conceded that the statute requiring that there shall be but one execution in existence at the same

time is mandatory, yet it does not follow that this mandatory provision may not be waived by the party for whose benefit it was enacted. And we think the allegations of this answer show a clear case of waiver. It appears that plaintiffs knew another execution was in existence, and with this knowledge they not only stood by and made no objection to the sale, but, at the expiration of the time for redemption, they made no sign, but surrendered the possession of the property. And now, without averment that the sale was for an inadequate consideration, and without offering to pay the judgment, they seek by an action in equity to put the defendant out of possession of the land. We think that if the averments of the answer are true (and plaintiffs by their demurrer concede them to be true) they can have no standing in a court of equity. While the facts pleaded in the answer may not raise a technical estoppel, in that the defendant cannot be said to have been misled by the acts of the plaintiffs to his injury, yet, as the plaintiffs do not show that they have been deprived of any right by a sale of the land for less than its value, and do not offer to pay the judgment, their acts of acquiescence may well be held to be a waiver of the rights conferred upon judgment debtors by the statute. We know of no rule at law or in equity which precludes a party from waiving such a right.''

It seems to us that the appellant herein in making his application for an extended period of redemption, in prosecuting said application through the district court, and in this court, must be deemed to have recognized and acquiesced in the validity of the sale, because in such proceeding appellant was asking that the period of redemption from the identical sale in question be extended.

Appellant being the defendant in the foreclosure action must of course have been cognizant of the issuance of the two executions, and in no place in the record, or in the pleadings, is there any offer of appellant to make payment to appellee of the amount of the indebtedness resulting from the mortgage that was foreclosed, and likewise at no place in appellant's pleadings does he make any claim that the land was sold for less than its value, although some testimony to that effect was given during the trial. It appears to us from the entire record that appellant herein is simply seeking to retain possession of the real estate

until resale thereof, and that his contention herein is without equity. . In Equitable Life v. Ryan, supra, under somewhat similar circumstances, is found the following:

"Again, this was an equity case, and, being in equity court, the applicant must be able to show, as a part of his case, that what was done was to his prejudice or injury. It is quite apparent that the only thing appellant is seeking to accomplish herein is to keep this land for the length of time required to have another sale, and thus deprive the plaintiff of the use thereof."

It follows that the decree of the trial court must be and the same is hereby affirmed.—Affirmed.

STIGER, C. J., and KINTZINGER, ANDERSON, DONEGAN, SAGER, and HAMILTON, JJ., concur.