# DAVID COHEN AND ANOTHER v. ELLA STEINKE.[1]

## February 28, 1947.

## No. 34,340.

[1]Reported in 26 N. W. (2d) 843.

*Erickson & Erickson,* for appellant.
*Sheldon D. Karlins,* for respondents.

MATSON, JUSTICE.

Defendant appeals from a judgment of the municipal court of Minneapolis adjudging plaintiffs to be entitled to the immediate restitution and possession of certain rooming-house premises on the ground that defendant is guilty under OPA regulations of committing or permitting a nuisance thereon.

On April 30, 1946, plaintiffs acquired by purchase the ownership of a rooming house at 828 Sixth avenue south, Minneapolis, Minnesota. Defendant, who operated the premises as a rooming house, was, and for many months had been, in possession on a month-to-month tenancy basis. On May 20, 1946, plaintiffs served defendant with a notice to vacate the premises on the ground that she was committing or permitting a nuisance thereon. Compliance with Minnesota statutes for the termination of the tenancy is admitted, and it is likewise admitted that proper notice was given to the area rent director of the OPA prior to the commencement of this action. The trial court which heard the matter on July 12, 1946, found defendant guilty of committing or permitting a nuisance on said premises under OPA rent regulations, § 1388.286(a)(3)(ii), which provides:

*"Restrictions on removal of tenant.* (a) So long as the tenant continues to pay the rent to which the landlord is entitled, no tenant shall be removed from any housing accommodations, by action to evict or to recover possession, * * * unless:

\* \* \* \* \*

"(3) *The tenant* (i) has violated a substantial obligation of his tenancy, other than an obligation to pay rent, and has continued, or failed to cure, such violation after written notice by the landlord that the violation cease, *or* (ii) *is committing or permitting a nuisance* or is using or permitting a use of the housing accommodations for an immoral or illegal purpose; \* \* \*." (Italics supplied.)

Defendant in open court expressly waived all objections to the complaint, and therefore the issue that it fails to state a cause of action is not before us for review.

■ Defendant's contention that, in the absence of a preliminary notice to abate, no action can be maintained against her as a mere continuer of a nuisance is without merit. The evidence clearly indicates that if defendant was not the originator of the nuisance she at least actively continued and contributed to the objectionable conditions with full knowledge that they constituted a nuisance. She received repeated notices from the municipal fire prevention authorities that she was maintaining a nuisance in violation of a city ordinance, and, finally, on or about April 15, 1946, she was fined $25 and given a suspended sentence therefor. Substantially the same conditions which constituted a nuisance in violation of the aforesaid ordinance are involved in the nuisance for which plaintiffs seek a termination of the tenancy. If we assume that defendant is correct in her contention that the same prerequisites for an abatement action apply to these proceedings for the termination of the tenancy, it is clear that plaintiffs were not required to serve defendant with a preliminary notice to abate. He who actively continues and contributes to conditions which constitute a nuisance, with full knowledge that they constitute a nuisance, becomes thereby a wrongdoer himself and is not entitled to a preliminary notice to abate before an action of abatement is brought against him. Sloggy v. Dilworth, 38 Minn. 179, 36 N. W. 451, 8 A. S. R. 656; Annotations, 14 A. L. R. 1099, 34 A. L. R. 421, and 13 Ann. Cas. 109; 5 Dunnell, Dig. § 7275; 39 Am. Jur., Nuisances, §§ 39 and 40.

■ The written notice required to be given by the landlord under OPA rent regulations, § 1388.286(a)(3)(i), in order to give the ten-

ant an opportunity to cure the purported violation of an obligation of his tenancy, pertains only to violation of contractual obligations and has no application to a proceeding for the termination of a tenancy on the ground of nuisance. It is unnecessary under this section to send or give the tenant a preliminary notice or request that the nuisance cease as a prerequisite to eviction. See, Kirschbaum v. Mobley, 26 Ohio Ops. 333, 1 Opinions & Decisions OPA Service (Pike and Fischer) p. 1943, 1 Price Control Cases No. 51,796; Priceman Const. Co. Inc. v. Goldstein, 183 Misc. 171, 51 N. Y. S. (2d) 161.

The findings of the trial court are amply sustained by the evidence. In order to justify a finding that a tenant is committing or permitting a nuisance under the aforesaid OPA rent regulations, the nuisance must be such as to justify abatement were proceedings instituted for that purpose. See, Slusar v. Kholos, 92 Pittsb. Leg. J. 169, 1 Opinions & Decisions OPA Service (Pike and Fischer) p. 2105. Minn. St. 1945, § 561.01,[2] provides:

"Anything which is injurious to health, or indecent or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property, is a nuisance. An action may be brought by any person whose property is injuriously affected or whose personal enjoyment is lessened by the nuisance, and by the judgment the nuisance may be enjoined or abated, as well as damages recovered."

Witnesses testified that defendant over a considerable period of time accumulated or permitted the accumulation on the premises of ashes, papers, rubbish, old potatoes, garbage, and other filth to such an extent as to constitute a fire hazard and produce offensive odors. Roaches and rats infested the property. From time to time, defendant burned old battery boxes as fuel and thereby produced a noisome smoke. Clearly, the conditions described were injurious to health, offensive to the senses, and for plaintiffs constituted an interference with their comfortable enjoyment of both life and property. The

[2]See, M. S. A. § 561.01, and cf. Mason St. 1927, § 9580.

nuisance in its nature was not only private, but in certain aspects also public. If plaintiffs had consented to the maintenance of a fire hazard in violation of city ordinances, they themselves as owners of the premises would have become liable for the resulting nuisance. Simpson v. Stillwater Water Co. 62 Minn. 444, 64 N. W. 1144. Obviously, plaintiffs' interests and rights have been placed in jeopardy. See, 5 Dunnell, Dig. §§ 7258 and 7285. Although there was conflict in the evidence, we cannot say that the findings of the trial court that a nuisance existed were manifestly and palpably contrary to the preponderance of the evidence as a whole. Therefore such findings must be sustained. As a court of review, it is not for us to usurp the function of the trial court by attempting to weigh the evidence as if trying the matter *de novo* or attempt to determine the weight and credit to be given the testimony of witnesses when such testimony is in conflict. Bicanic v. J. C. Campbell Co. 220 Minn. 107, 114, 19 N. W. (2d) 7, 10.

■ Although the fact that a person committed a certain act at one time is not ordinarily admissible to prove that he committed a similar act at another time, we find no abuse of discretion in the court's admission of evidence to show that defendant over a period of several months immediately prior to plaintiffs' acquisition of ownership of the property had committed and permitted a nuisance on the premises. The nuisance here involved was of a continuous nature.

"* * * When the fact to be proved is of a continuing nature evidence of its existence within a reasonable time prior or subsequent to the time in controversy is not obnoxious to the general rule." 2 Dunnell, Dig. § 3253.

Where the conditions constituting a nuisance are of a continuous nature, evidence showing that the defendant permitted similar conditions to exist on the premises for a short time immediately antedating the period in issue was not too remote and, in the discretion of the trial court, was admissible as tending to establish the nature and effect of the conditions alleged to constitute the nuisance. See,

State v. Rogers, 145 Minn. 303, 177 N. W. 358; Short v. Great Northern L. Ins. Co. 179 Minn. 19, 228 N. W. 440.

The judgment is affirmed.

Affirmed.

